ODOM, Justice.
 

 The plaintiff brought suit at Monroe, Louisiana, against the Louisiana Highway Commission and its insurer, to recover compensation under the Workmen’s Compensation Act, Act No. 20 of 1914. He alleged that while at work he received severe physical injuries which rendered him totally unable to perform any work of a reasonable character, and that he was therefore entitled to compensation for a period of 400 weeks.
 

 He further alleged that he could do no work and that because of his poverty he was unable to pay the costs of the suit or to give bond for the payment of such costs, and prayed that he be permitted to file and prosecute the suit without the previous or current payment of costs and without giving bond for the payment of such costs, as provided by Act 156 of 1912, as amended by Act 260 of 1918. On proper showing, there was judgment relieving him of the payment of costs and of the necessity of giving bond for costs.
 

 The defendants put the case at issue by answer. A date was set for the trial of the case on its merits, but prior to the date set defendants ruled plaintiff to show cause why they should not be permitted to take the testimony of Dr. H. A. Durham de bene esse, under the provisions of Section 1, Act 143 of 1934. They alleged that Dr. Durham' resided in the City of Shreveport, about 100 miles from Monroe, where the suit was filed and was then pending; that Dr. Durham was a material witness and would testify to certain facts which could not be proved by any other witness, and that Dr. Durham had refused to come to Monroe to testify.
 

 Section 1, Act 143, page 501, of 1934, reads as follows: “Be it enacted by the Legislature of Louisiana, That whenever any party to a civil case, now or hereafter pending in any of the Courts of this state, desires to take the testimony of a witness or witnesses who reside outside the state or reside within the state but outside of the parish where the cause is pending, the
 
 *421
 
 testimony of said witness or witnesses, with the permission of the court before which said case is pending first obtained, after opposing counsel has been ruled into Court to show cause why permission should not be granted, may be taken in the manner and form herein provided.”
 

 Section 2 provides that a party desiring to take testimony as provided in Section 1 of the act shall give the opposing party or his attorney written notice of his intention to take such testimony, and that said notice shall state concisely the name and title of the cause and the court where the same is pending, the name and address of the witness or witnesses to be examined, the time and place at which the testimony is to be taken, and the. name of the officer before whom such testimony will be taken.
 

 Defendants complied with the provisions of this section of the act in every detail. Section 3 of the act provides that the testimony of any witness taken under the provisions of the act may be taken before any officer authorized by law to administer oaths.
 

 Plaintiff through counsel filed answer to the rule, in which it is alleged that plaintiff had been permitted by order of the court to file and prosecute his suit under the provisions of Act 156 of 1912, as amended by Act 260 of 1918, and alleged that “The plaintiff has no money, means or property with which to pay the costs of this suit and his attorney is handling the matter strictly on a contingent basis as appears from the suit itself”. He further alleged that, since he has no means of paying his expenses and the expenses of his attorney in going to Shreveport where the testimony is to be taken, the taking of the testimony at Shreveport as requested by defendants would deprive him of the privilege of cross-examining the witness, which privilege is most valuable to him. He further alleged that the testimony sought by defendants may be taken by written interrogatories, as provided by the Code of Practice. He further alleged in his answer to the rule that: “Lawyers who handle cases on contingent fees are usually of the poor, struggling class, and assume the burden of gambling on the outcome of the case for a fee and are not able to advance cash for trips across the state.”
 

 At the trial of the rule to show cause, counsel for plaintiff testified that his client had no funds with which to pay counsel’s expenses to the City of Shreveport. Counsel for plaintiff, who took the stand as a witness, asked himself the following question:
 

 “Q. Would you be willing, as attorney, to take the testimony de bene esse in Shreveport or are you in position to do so on behalf of the Plaintiff? A. I would not.”
 

 At the trial of the rule, counsel for defendants testified that he was willing to take plaintiff and his counsel to Shreveport in his automobile and willing to pay such additional expenses as they might incur on the trip.
 

 Counsel for plaintiff while on the stand as a witness asked himself the following question:
 

 
 *422
 
 “Q. Do you care to be placed under the obligation of Defendant’s attorney in this case of being carried to Shreveport and expenses provided by him for the taking of testimony of Doctors in Shreveport and probably other
 
 points in
 
 this case or cases ? A. I do not.”
 

 After hearing the testimony taken at the trial of the rule, the trial judge rendered judgment refusing to permit defendants to take the testimony de bene esse as requested, whereupon counsel applied for writs, which were granted.
 

 In answer to the rule to show cause, the trial judge said: “I take the position that a litigant under the pauper laws should not be expected to advance the expenses of his attorney and himself on a trip from Monroe to Shreveport, or Lake Charles, or New Orleans, or probably all these places in the same case just for the reason that his opponent cannot make some arrangement for some expert witness to be present at the trial.”
 

 The judge erred in his ruling. The plaintiff having been permitted to file and prosecute his suit without the payment of costs, the defendants would necessarily have to pay all costs of taking the testimony in Shreveport. Plaintiff was relieved of that burden. This, of course, is not denied by his counsel. The only contention made is that plaintiff had no funds with which to pay his own expenses and the expenses of his attorney in making the trip to Shreveport, where the testimony was to be taken.
 

 It was not necessary for plaintiff to make the trip. There was no reason why he should be present at the taking of the testimony. Counsel for plaintiff thought it necessary for him, as attorney, to be present at the taking of the testimony in order that he might cross-examine the witness. He refused to go to Shreveport, where the testimony was to be taken, on the sole ground that he had taken the case on a contingent fee basis, and that his client did not have the means with which to pay his expenses.
 

 But this affords no reason why plaintiff’s counsel should refuse to make the trip. Plaintiff was relieved of the obligation of paying the costs of the litigation. The expenses of counsel are not “costs” of the litigation. The 'act of the Legislature specifically states what are considered “costs” of litigation. The items of costs of which an impecunious litigant is relieved are specified in the act. It provides that: “This right to litigate, including the right to prosecute appeals in the proper courts, without the previous or current payment of costs or without the giving of bonds for the payment of costs shall extend to all the services required by law in legal proceedings of clerks of court, sheriffs, and official stenographers, witnesses, and in the cases where the law provides for a Civil Jury trial, and where the party desires such trial, the services of jurors, and to obtaining copies of notarial acts from public officers 'and notaries and certificates from public officers in respect to records of their offices.”
 

 
 *423
 
 The act further provides that no officer shall be required to “incur any cash outlay”.
 

 Clearly, the expenses of an attorney in cases of this kind are not a part of the court costs as contemplated by the act. The act relates exclusively to the subject matter of costs or expenses of litigation as specified therein. Orgeron v. Lytle, 180 La. 646, 157 So. 377 (citing Muller v. Johnson, 140 La. 902, 74 So. 189).
 

 It is suggested by counsel for 'plaintiff that under Act 143 of 1934 the trial judge may exercise discretion in passing on applications of litigants to take testimony under the act. The act provides that testimony may be taken “with the permission of the court before which said case is pending”. While it is true that the judge may exercise his discretion, at least to some extent, in matters of this kind, it clearly appears that in this case he abused his discretion, because the testimony shows that counsel for defendants offered to defray all expenses of the trip to Shreveport, and that the only reason why plaintiff’s counsel refused to make the trip at the expense of counsel for defendants was that he did not want to “be placed under the obligation of Defendants’ attorney in this case of being carried to Shreveport and expenses provided by him”.
 

 For the reasons assigned, the preliminary writs heretofore issued are made peremptory, and accordingly the Honorable J. T. Shell, judge of the Fourth Judicial District Court for the Parish of Ouachita, is commanded to issue an order granting to relators permission to take the testimony of Dr. H. A. Durham de bene esse, in accordance with the provisions of Act 143 of 1934.
 

 FOURNOT, J., concurs.