278 So.2d 138 (1973)
Mrs. Ossie Ola BOLDEN, Plaintiff-Appellant,
v.
The CITY OF SHREVEPORT et al., Defendants-Appellees.
No. 11981.
Court of Appeal of Louisiana, Second Circuit.
January 9, 1973.
On Rehearing May 1, 1973.
Writ Refused June 28, 1973.
Ford & Huckaby by Margrett Ford, and Graham Rogers, Shreveport, for plaintiff-appellant.
John Gallagher, Ray A. Barlow, Hargrove, Guyton, Van Hook & Ramey by Michael R. Mangham, Shreveport, for C. J. Lott and the City of Shreveport, defendants-appellees.
Before AYRES, BOLIN and PRICE, JJ.
AYRES, Judge.
This is an action in tort wherein plaintiff, Mrs. Ossie Ola Bolden, seeks to recover from the City of Shreveport and from the City's Patrolman C. J. Lott, damages for the death of her son, Jesse Hall, occasioned through the alleged wrongful, unlawful, unprovoked, and unjustified shooting by the patrolman.
*139 In response to this action, defendants sought an order requiring plaintiff to furnish bond for security for costs under the provisions of LSA-R.S. 13:4522 and suggested a bond in the amount of $1,000 as fair and commensurate with the character of this action. In the motion defendant Lott also sought, under the provisions of LSA-R.S. 42:261(D), security for the payment of his attorney's fees in the event of a successful defense of this action. A bond in the sum of $5,000 was suggested as appropriate.
By order directed to and served upon plaintiff, she was ordered to show cause why she should not post bonds in accordance with defendants' motion and in the amounts suggested. In the meantime, plaintiff petitioned the court for authority to proceed with and prosecute this action without the payment of costs in advance or as they accrued and without the necessity of furnishing bond as security for their payment. Her motion was sustained and she was accordingly permitted to so proceed under the authority of the provisions of LSA-C.C.P. Arts. 5181-5188.
Thereafter, upon agreement of counsel, defendants' motion for security for costs was overruled. However, defendant Lott's request for security for the payment of his attorney's fees in the defense of this action, after a hearing, was sustained. Plaintiff was ordered to furnish such bond in the sum of $5,000 within 30 days under penalty of a dismissal of her action. Upon plaintiff's failure to post bond as directed, her suit as against Patrolman Lott was dismissed. From a judgment accordingly rendered and signed, plaintiff appealed.
The sole issue in this appeal is the validity of the order directing plaintiff to furnish bond as security for the payment of Officer Lott's attorney's fees in the event he should prevail in his defense. The statute LSA-R.S. 42:261(D) provides:
"Any party who shall file suit against any duly elected or appointed public official of the State of Louisiana or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office ... and who shall be unsuccessful in his demands shall be liable to said public official for all attorneys' fees incurred by said public official in the defense of said lawsuit or lawsuits, which said attorneys' fees shall be fixed by the court.
"The defendant public official shall have the right by rule to require the plaintiff to furnish bond, as in the case of bond for costs, to cover such attorneys' fees before proceeding with the trial of said cause."
Plaintiff contends that the quoted statutory provisions violate the equal-protection clause of the Fourteenth Amendment to the Constitution of the United States in that it denies to indigent litigants equal access to the courts, and that the court's order directing plaintiff to furnish a bond as contemplated by the statute is a denial of due process. The Fourteenth Amendment to the Constitution of the United States, so far as pertinent, recites:
". . . No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
Further, plaintiff asserts, in effect, that both statute and order are inimical to the provisions of Art. 1, § 6 of the 1921 Louisiana Constitution which declares that:
"All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay."
Defendant officer, however, relies upon the provisions of the Louisiana Code of Civil Procedure which relate to the privilege of litigating without prior payment of *140 costs (LSA-C.C.P. Art. 5181 et seq.), and particularly the provisions of Art. 5185 respecting the rights of parties permitted to litigate without the payment of costs. It is particularly stressed, with reference to one granted such permission, that:
". . . He is not entitled to a suspensive appeal, or to an order or judgment, required by law to be conditioned on his furnishing security other than for costs, unless he furnishes the necessary security therefor." (Emphasis supplied.)
LSA-C.C.P. Art. 5185.
Under this quoted provision, defendant officer contends that an indigent person proceeding under the so-called "Pauper Act" is not exempt from furnishing bond to secure the payment of a defendant officer's attorney's fees. Defendant officer, in brief, concedes that the jurisprudence of this State is not enlightening on the subject now before the court. He merely points out that in Foshee v. Longino, 236 So.2d 870 (La.App., 3d Cir. 1970), wherein a police juror was a defendant in an action to determine the status of a road was awarded $500 attorney's fees, and in LaFleur v. Roberts, 157 So.2d 340 (La.App., 3d Cir. 1963), wherein municipal officials were made defendants in an action to remove a public official on the ground of invalidity of appointment, they were held not entitled to attorney's fees because they were not completely successful in their defense. They did, however, point out in Orgeron v. Lytle, 180 La. 646, 157 So. 377 (1934), that though plaintiff was authorized to proceed in forma pauperis, he was not relieved from furnishing an attachment bond, and in Bonneluco v. Bernard, 29 So. 2d 486 (La.App., Orl.1947), that a bond even in pauper cases must be given to suspend execution of a judgment pending an appeal.
None of these authorities are pertinent to the question presented, that is, whether or not the provisions of LSA-R.S. 42:261(D) violate the due-process and equal-protection clauses of the State and Federal Constitutions.
Defendant officer contends, under the jurisprudence of this State, that statutes which require security to be posted as a precedent condition to the institution and prosecution of a suit do not violate the provisions of due-process and equal-protection clauses of the State constitution. Cited as authorities supporting this proposition are:
Succession of Grover, 49 La.Ann. 1050, 22 So. 313 (1897);
Grinage v. Times-Democrat Pub. Co., 107 La. 121, 31 So. 682 (1902);
Michel v. Edmondson, 218 So.2d 103 (La.App., 3d Cir. 1968).
Each of these cases involved a question of the furnishing of security for the payment of costs, and can thus be distinguished from the situation presented in the instant case wherein plaintiff, a pauper, was directed to furnish security for payment of the defendant officer's attorney's fees. The furnishing of security for court costs, as required in each of the cases just noted, was held not to be violative of the right of due process and the right of equal access to the courts.
In Michel v. Edmondson, the discrimination of which plaintiff complained was a discrimination allegedly and merely existing between plaintiffs and defendants as such in that plaintiffs might be required to provide security for costs whereas defendants might not be so required. LSA-R.S. 13:4522. As a general proposition, one instituting a civil action is responsible for the payment of all costs prior to judgment, while a defendant is not so obligated unless and until he is formally condemned by a judgment. Under the provisions of this statute, a plaintiff may be required to give security in advance for the payment of costs. Plaintiffs in actions brought in forma pauperis, by the terms of the statute, are exempt from the furnishing of security. Similar factual situations were involved *141 in Succession of Grover and Grinage v. Times-Democrat Pub. Co.
The jurisprudence of the United States Supreme Court is to the effect that due process requires, as a minimum, and in the absence of a countervailing State interest of overriding significance, that persons forced to settle their claims through judicial processes must be given a meaningful opportunity to be heard.
Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 785-786, 28 L.Ed.2d 113 (1971), and the cases therein cited.
Thus, within the limits of practicality, a state must afford to all individuals a meaningful opportunity to be heard. This right must be protected against denial by particular laws that operate to jeopardize its use by certain individuals. As a general proposition, a statute or a rule may be constitutionally invalid as applied when it operates to deprive an individual of a protected right, although its general validity as a measure enacted in the legitimate exercise of State power is beyond question.
There is no question of plaintiff's poverty and of her inability to pay the costs of court in advance or as they accrue, or to give security for their payment. This right was accorded her by appropriate order of the trial court. In her application for the privilege of instituting and prosecuting this action without payment of costs or the furnishing of security therefor, it is shown that plaintiff is a domestic servant working three days a week at a wage of $5 per day and that she has no other income.
There is no question but that equities exist on both sides of this litigation. However, it is inconceivable that, because of plaintiff's poverty, she could ever furnish the security that she has been ordered to provide. The order is tantamount to a complete denial of her access to judicial process for the determination of the validity of her claim. Balanced against the State's policy of discouraging the institution of actions against its officers, plaintiff is denied access to the courts and to the right of due process for a judicial determination of her claim because of her inability to post the bond as herein required. This is an effective denial of the rights of due process and of equal protection under the law.
As observed by Justice Brennan in a concurring opinion in Boddie v. Connecticut, supra (401 U.S. 387, 91 S.Ct. 791, 28 L.Ed.2d 124):
"When a State's interest in imposing a fee requirement on an indigent is compared to the indigent's interest in being heard, it is clear that the latter is the weightier. It is an unjustifiable denial of a hearing, and therefore a denial of due process, to close the courts to an indigent on the ground of nonpayment of a fee."
Thus, when a state's interest in imposing a fee requirement on an indigent is compared to the indigent's interest in being heard, it is clear that the latter is the more important. It is an unjustifiable denial of a hearing and, therefore, a denial of due process to close the courts to an indigent on the ground of nonpayment of a fee occasioned by his inability to pay. Thus, there is a clear discrimination. The affluent can put up a bond; the indigent may not be able to do so, as, indeed, plaintiff cannot in the instant case. Many decisions have made it clear that differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the litigants, are repugnant to the Constitution.
As was again observed by Justice Brennan in Boddie v. Connecticut, supra, with reference to and as we observe in the instant case, the rationale of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), covers the present situation. Therein, at 401 U.S. 388-389, 91 S.Ct. 792, 28 L.Ed.2d 125-126, we find this appropriate observation:
"Courts are the central dispute-settling institutions in our society. They are *142 bound to do equal justice under law, to rich and poor alike. They fail to perform their function in accordance with the Equal Protection Clause if they shut their doors to indigent plaintiffs altogether. Where money determines not merely `the kind of trial a man gets,'... but whether he gets into court at all, the great principle of equal protection becomes a mockery. A State may not make its judicial processes available to some but deny them to others simply because they cannot pay a fee. Cf. Harper v. Virginia State Board of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966)."
The right to be heard, in some way, at some time, extends to all proceedings entertained by the court. The denial of this right, a prerequisite to justice, to this indigent plaintiff because of her inability to furnish a bond to secure payment of the defendant officer's attorney's fees violates the privileges guaranteed her under the due-process clauses of both Federal and State Constitutions. Moreover, the State statute, in the instant case and as interpreted and applied to plaintiff in the trial court, is clearly repugnant to the guarantees in our Constitutions of the rights of access to our courts and to the principles of equal protection under law. Thus, we hold that the requirement that plaintiff, an indigent, furnish security for the payment of the defendant officer's attorney's fees is null, void, and without effect.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed that plaintiff be, and she is hereby, authorized to continue to prosecute this cause without the payment or the giving of security for the payment of defendant officer's attorney's fees; and
It is now ordered that this cause be, and it is hereby, remanded to the Honorable, the First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings in accordance with law and consistent with the view herein expressed.
Defendant C. J. Lott is assessed with costs of this appeal; the assessment of all other costs shall await final judgment.
Reversed and remanded.
BOLIN, J., dissents, giving written reasons.
BOLIN, Judge (dissenting).
I respectfully dissent from the majority opinion. The admitted purpose of the legislature in enacting Louisiana Revised Statute 42:261(D) was the protection of state officers from harassment in the performance of their duties. It is my belief that to allow suits against public officials without the assurance their attorney's fees will be paid [if, of course, they are found to be free from fault or liability] will open the door to the filing of numerous suits which may or may not be based solely on an individual's idea that he has been wronged.
The majority relies on the concurring opinion of Justice Brennan in Boddie v. Connecticut, supra, equating the requirement there that indigent plaintiffs seeking a divorce must put up court costs with the requirement provided for in Louisiana Revised Statutes 42:261(D), and concludes that the requirement of a bond in the instant case would have the effect of closing the courts to the indigent plaintiff because of her inability to procure a bond.
In the case before us it appears that plaintiff, who is proceeding in forma pauperis insofar as court costs are concerned, is not being denied a forum in which to try her case since the co-defendant City of Shreveport remains in the suit. Further, if successful, she may still recover from the City of Shreveport whatever damages the court may award her.
Therefore, though she may be deprived of a recovery of damages from the individual *143 policeman against whom she has lodged this suit, she nevertheless is not denied due process or equal protection of the laws under the rationale of Boddie or Griffin, since the dismissal of her suit against Lott does not have the effect of closing the doors of the court to her or of making unavailable to her the judicial processes of the state for the settling of her dispute. For this reason I do not consider the cited cases controlling and no other cases have been cited directly in point.
Since plaintiff has not been denied access to the court, I think the state retains the power to weigh the interest of society in preventing citizens from harassing policemen charged with the duties of preserving order and protecting the public, without putting up a bond for defendant's attorney's fees. This is particularly true when the aggrieved indigent will have the right, even though diminished, to be heard on the same cause of action in the same suit against the City of Shreveport without the necessity of giving a bond for court costs.
It is not every civil suit in which plaintiff has unlimited access to the courts without complying with a state statute requiring bond for costs or for attorney's fees. In Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) the United States Supreme Court had before it, as one of the issues, the constitutionality and applicability of a New Jersey statute which made plaintiffs in a stockholder's derivative action, if unsuccessful, liable for all expenses, including attorney's fees, of the defense and required security for that payment as a condition of prosecuting the action. Petitioners, who held only a minute portion of the shares in defendant corporation, denied the validity of the New Jersey statute under both Federal and New Jersey constitutions.
The Supreme Court declared the latter question [state constitutionality] should be ultimately determined by the state court, and since the New Jersey court had made no contrary determination, the higher court presumed that the statute conformed with the state constitution. However, the court did consider fully the Federal Constitutional questions, i. e., whether the statute violated either the Due Process Clause or the Equal Protection Clause of the United States Constitution.
The Supreme Court, in Cohen, examined the background of the statute and explored the reason for the enactment and the abuses which it sought to correct. It observed that suits sometimes were brought not to redress real wrongs, but to realize upon their nuisance value. Moreover, these suits were more commonly brought by financially irresponsible litigants since they had less to lose if unsuccessful. The Court found the statute did not contravene either the Due Process Clause or the Equal Protection Clause of the Federal Constitution, since it imposed liability and required security only for "the reasonable expenses, including counsel fees, which may be incurred".
It is my belief the present statute is no more onerous than that considered in Cohen; that as applied in the instant case it is not unconstitutional; and that the judgment should have been affirmed.

ON REHEARING
HALL, Judge.
The issues presented by the appeal in this wrongful death action brought by an indigent plaintiff against a city policeman and the City of Shreveport, involve the applicability and constitutionality of LSA-R.S. 42:261(D) providing for the furnishing of a bond for attorneys' fees in suits against public officials.
The plaintiff brought suit against the City of Shreveport and C. J. Lott, a patrolman employed by the City, seeking to recover damages for the death of her son, Jessie Hall, who allegedly was wrongfully shot to death by the patrolman without provocation and justification.
*144 Defendants filed a motion to require plaintiff to furnish bond as security for costs under the provisions of LSA-R.S. 13:4522 and to furnish bond as security for the payment of attorneys' fees incurred by defendant Lott in defense of the suit under the provisions of LSA-R.S. 42:261(D). A rule was issued directed to plaintiff ordering her to show cause why she should not be required to furnish bonds as prayed for in defendants' motion.
Plaintiff then filed a motion to proceed in forma pauperis under the provisions of LSA-C.C.P. Arts. 5181-5188 and an order was signed allowing plaintiff to proceed and prosecute the action without prior payment of costs and without giving bond for costs.
Thereafter, defendants' motion for security for costs under LSA-R.S. 13:4522 was overruled by agreement of counsel. However, the motion for security for the payment of defendant Lott's attorneys' fees was sustained and plaintiff was ordered to furnish such bond in the sum of $5,000 within thirty days under penalty of dismissal of her action against defendant Lott. Plaintiff did not furnish the bond and on Lott's motion her suit against him was dismissed. From the judgment dismissing her suit against defendant Lott, plaintiff appealed.
In seeking reversal of the district court's judgment on appeal, plaintiff makes two basic contentions:
(1) The requirement of a bond for attorneys' fees under LSA-R.S. 42:261 (D) and dismissal of her suit for failure to furnish such bond denies plaintiff, an indigent, due process and equal protection of the law under the Fourteenth Amendment to the Constitution of the United States and under the Constitution of the State of Louisiana in that it denies her meaningful access to the court; and
(2) A bond for attorneys' fees is equated to a bond for costs by the provisions of the second paragraph of LSA-R.S. 42:261(D) and is not, therefore, required because plaintiff has been allowed to proceed without payment of costs or furnishing security for costs under the provisions of LSA-C.C.P. Arts. 5181-5188.
The appeal was originally considered by a three-judge panel of this Court, the majority opinion holding that the statute, as applied to this indigent plaintiff resulting in dismissal of her suit against the police officer because of her inability to furnish the required bond, violates the due process and equal protection clauses of both federal and state constitutions. The judgment of the district court was accordingly reversed and set aside and judgment was rendered authorizing plaintiff to continue the prosecution of this action without the giving of security for the payment of the defendant policeman's attorneys' fees, and the case was remanded for further proceedings. One judge dissented, primarily on the basis that plaintiff is not being denied access to the Court for recovery of her alleged damages in that the co-defendant, City of Shreveport, remains as a defendant in the suit, and if plaintiff is successful in proving the allegations of her petition she will be entitled to recover her damages from the City.
Upon application of defendant Lott, a rehearing was granted and the appeal has now been considered by the court en banc. We again conclude that the judgment of the district court should be reversed and plaintiff should be allowed to proceed without furnishing bond for attorneys' fees, but for reasons different from those expressed in our original opinion.
We now hold that under the provisions of the applicable statutes an indigent plaintiff who has been allowed to proceed in forma pauperis is not required to furnish security for attorneys' fees under LSA-R.S. 42:261 (D). This determination makes it unnecessary *145 for this court to consider the constitutional issues raised.
LSA-R.S. 42.261(D) provides:
"Any party who shall file suit against any duly elected or appointed public official of the State of Louisiana or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those cases where the plaintiff is seeking to compel the defendant to comply with and apply the laws of the State of Louisiana relative to the registration of voters, and who shall be unsuccessful in his demands shall be liable to said public official for all attorneys' fees incurred by said public official in the defense of said lawsuit or lawsuits, which said attorneys' fees shall be fixed by the court.
"The defendant public official shall have the right by rule to require the plaintiff to furnish bond, as in the case of bond for costs, to cover such attorneys' fees before proceeding with the trial of said cause." (Emphasis supplied)
The italicized words "as in the case of bond for costs" plainly equate a bond for attorneys' fees provided for in LSA-R.S. 42:261(D) to a bond for costs provided for in LSA-R.S. 13:4522. If the underlined words have any meaning at all, the meaning is that the furnishing of a bond for attorneys' fees is subject to the provisions of law governing the furnishing of a bond for costs.
LSA-R.S. 13:4522 governs the giving of security for costs and provides:
"The defendant before pleading in all cases may by motion demand and require the plaintiff or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the court such suit or intervention, as the case may be, shall be dismissed without prejudice. This section shall not apply to the Parish of Orleans and to cases brought in forma pauperis, nor to the state or any political subdivision thereof. As amended Acts 1960, No. 32, § 1." (Emphasis supplied)
Since by the express provisions of LSA-R.S. 42:261(D) a bond for attorneys' fees is equated to a bond for costs and since under LSA-R.S. 13:4522 a bond for costs cannot be required in cases brought in forma pauperis, it follows that a bond for attorneys' fees cannot be required in forma pauperis cases. It should also be noted that the furnishing of security for costs is specifically dispensed with by the provisions of LSA-C.C.P. Art. 5181 which provides:
"An individual who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor."
Defendant relies on the provisions of LSA-C.C.P. Art. 5185 which spell out the rights of a party to litigate without the payment of costs, and particularly the next to last paragraph which provides:
"He is not entitled to a suspensive appeal, or to an order or judgment required by law to be conditioned on his furnishing security other than for costs, unless he furnished the necessary security therefor."
In the instant case we are not dealing with an order or judgment required by law to be conditioned on the furnishing of security, such as an order issuing a writ of attachment, or an order granting a suspensive appeal, or a judgment granting an injunction. Plaintiff is not seeking an order or judgment which the law requires to be conditioned on the furnishing of security. She is seeking a judgment for damages. The next to last paragraph of Article 5185 does not apply to the instant situation.
Defendant cites Byrd v. Louisiana Highway Commission, 199 La. 838, 7 So.2d 158 (1942) holding that expenses of counsel are *146 not "costs" of litigation; Orgeron v. Lytle, 180 La. 646, 157 So. 377 (1934) holding that a plaintiff authorized to proceed in forma pauperis is not relieved from furnishing an attachment bond as security for damages; and Bonneluco v. Bernard, 29 So. 2d 486 (La.App.Orl.1947) holding that an order of forma pauperis does not relieve an appellant of the necessity of furnishing a suspensive appeal bond.
The rules enunciated in the Orgeron and Bonneluco cases are codified in the next to last paragraph of LSA-C.C.P. Art. 5185, which, as has already been discussed above, is not applicable here. The holding of the Byrd case that travel expenses of counsel in taking depositions are not "costs" within the meaning of the forma pauperis statute has no bearing on the determination of the issue involved in the instant case.
Attorneys' fees ordinarily are not considered "costs" as that term is used in LSA-C.C.P. Arts. 5181, et seq. dealing with forma pauperis actions or in LSA-R.S. 13:4522 dealing with security for costs. However, by express provision in the second paragraph of LSA-R.S. 46:261(D), the provisions governing the furnishing of security for costs are made applicable to the furnishing of security for attorneys' fees in suits against public officials. One of the provisions pertaining to the furnishing of security for costs is that it shall not apply in forma pauperis cases. The same rule is then applicable to the furnishing of security for attorneys' fees.
We hold that an indigent plaintiff who has been permitted to litigate without payment of costs or furnishing security therefor under the provisions of LSA-C.C.P. Arts. 5181 et seq. cannot be required to furish bond to cover attorneys' fees under LSA-R.S. 42:261(D). It follows that the judgment of the district court requiring plaintiff to furnish bond and dismissing her action against defendant Lott for failure to do so must be reversed and set aside and the case remanded for further proceedings in accordance with law and the views expressed in this opinion.
Plaintiff apparently contended in the district court that a patrolman is not an "appointed public official" within the contemplation of LSA-R.S. 42:261(D). Plaintiff has not urged this argument on appeal. This issue has not been considered for the reason that it was not urged and also for the reason that a consideration of the issue is not necessary in view of the issue decided which is completely dispositive of the appeal.
For the reasons assigned, the judgment of the district court appealed from is reversed and set aside and it is ordered, adjudged and decreed that plaintiff be and she is hereby authorized to continue to prosecute her suit against defendant C. J. Lott without the giving of security for the payment of defendant's attorneys' fees, so long as the order of the district court permitting her to litigate without payment of costs remains in effect. It is further ordered that this suit be and it is hereby remanded to the First Judicial District Court for further proceedings in accordance with law and consistent with the views herein expressed. The costs of this appeal are assessed to defendant C. J. Lott; the assessment of all other costs to await final judgment.
Reversed and remanded.
AYRES, J., adhering to the reasons expressed in the original opinion, respectfully concurs in the decree.
BOLIN, J., dissents and assigns written reasons.
PRICE, J., dissents and assigns written reasons.
BOLIN, Judge (dissenting).
I feel compelled to respectfully but strongly disagree with the rationale of this opinion which, parenthetically, represents *147 the opinion of only two members of this court. The decision rests upon the false premise that since a statute, by reference to an unrelated subject, provides a method or procedure for the enforcement of a substantive right, that substantive right is thereby equated with the other unrelated right.
Assuming the statute does not deprive an indigent of a constitutional right if he be required to post a bond for attorney's fees, the majority opinion, under the guise of statutory interpretation, has rendered the statute useless for the purpose for which it was written, i. e., to protect public officials from the harassment and the expense of employing attorneys to defend unfounded suits. If the plaintiff were not indigent there would be no necessity for the public official to request a bond for attorney's fees.
The real issue in this case is whether requiring an indigent to post a bond for attorney's fees when suing a public official deprives him of his constitutional rights. I realize this is an extremely close question and we should forthrightly face this issue rather than evade the question and confuse the jurisprudence under the guise of statutory interpretation.
As to whether the statute in question deprives a pauper of any constitutional rights, I adhere to my views as expressed in my original dissent. My reasons are strengthened by the recent decision in United States v. Kras (1973), 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626.
Finally, because of the importance of this case and the irreconcilable differences of opinion expressed by members of this court, I respectfully suggest the Louisiana Supreme Court, upon proper application, grant writs and dispose of the constitutional questions.
PRICE, Judge (dissenting):
I must respectfully dissent from the result of the majority opinion. I certainly cannot agree with the reasons advanced by the author of the majority opinion which has been concurred in by only one other member of this court. I agree with the rationale set forth in the dissent of Judge Bolin to the majority opinion on rehearing in regard to the erroneous conclusion by the majority that LSA-R.S. 13:4522 was intended by the legislature to provide a substantive modification of LSA-R.S. 42:261(D) which would render it ineffective for the purpose for which it was originally enacted.
I concurred in the original majority opinion of this case holding LSA-R.S. 42:261 (D) unconstitutional when its provisions are applied to a pauper. I did so on the basis of Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113. Since our original opinion was handed down the case of United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) has been decided by the United States Supreme Court. In view of the explanation of the court in Kras of the limited application of Boddie, I no longer am of the opinion LSA-R.S. 42:261(D) is unconstitutional when applied to a pauper.
The State in the exercise of its governmental responsibility has deemed it necessary to protect its public officials who are carrying out a portion of its sovereign power from any exposure of personally paying attorney's fees in unfounded actions filed against them by persons obviously not financially responsive to judgment.
Therefore, the State has a rational and reasonable basis for providing a precondition to the prosecution of a tort action against one of its officials when being sued on a cause of action allegedly arising out of the performance of duties considered a vital part of the sovereignty of the State.
The Supreme Court in its concluding paragraph in Kras pointed out that Boddie did not intend to decide that the due process clause guaranteed access for all individuals to the courts under all circumstances and that an indigent at all times and in all cases *148 was entitled to unlimited free access to the courts.
In light of the effect of Kras, the reasons advanced by Judge Bolin in his dissent to our original opinion are made more applicable and I now concur in those reasons in addition to the views expressed heretofore.