277 So.2d 697 (1973)
Roger JONES, Plaintiff-Appellant,
v.
S. A. ANDERSON et al., Defendants-Appellees.
No. 12078.
Court of Appeal of Louisiana, Second Circuit.
May 1, 1973.
Rehearing Denied May 30, 1973.
Writ Refused June 29, 1973.
Henry C. Walker, Shreveport, for plaintiff-appellant.
*698 Gallagher & Gallagher by John Gallagher, Shreveport, for defendants-appellees.
Before AYRES, BOLIN, PRICE, HEARD and HALL, JJ.
HEARD, Judge.
Roger Jones brought this suit against S. A. Anderson, a Shreveport City police officer, and the City of Shreveport for injuries inflicted upon Jones by Anderson during the course and scope of Anderson's duties as a patrolman for the city. Defendants denied liability.
Anderson then filed a motion asking Jones be ordered to file a bond for attorneys' fees pursuant to LSA-R.S. 42:261(D) as defendant is a public official. After a hearing, the motion was granted fixing bond at $5,000. Jones then filed a motion for a new trial, which was denied, and a motion and supporting affidavits to proceed in forma pauperis. Defendants filed a motion to traverse. Following a hearing, the court ruled Jones an indigent, but noted the provisions of the statute allowing an attorneys' fee bond remained applicable and were not waived by the order allowing Jones to proceed in forma pauperis. Plaintiff's motion for a new trial was denied, and upon his inability to post the bond timely, judgment was rendered against him dismissing his suit against Anderson.
Upon perfecting this appeal plaintiff urges the following specifications of error: (1) the trial court erred in determining the provisions of LSA-R.S. 42:261(D) were applicable to defendant Anderson; (2) the trial court erred in ruling the provisions of the statute not violative of due process and equal protection of law under the state and federal constitutions; and (3) the trial court erred in determining the provisions of the statute regarding bond for attorneys' fees were not waived pursuant to finding plaintiff indigent. We find this third specification dispositive of this case without addressing ourselves to the constitutional issues raised.
LSA-R.S. 42:261(D) provides:
"Any party who shall file suit against any duly elected or appointed public official of the State of Louisiana or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office . . . and who shall be unsuccessful in his demands shall be liable to said public official for all attorneys' fees incurred by said public official in the defense of said lawsuit or lawsuits, which said attorneys' fees shall be fixed by the court.
"The defendant public official shall have the right by rule to require the plaintiff to furnish bond, as in the case of bond for costs, to cover such attorneys' fees before proceeding with the trial of said cause." [Emphasis supplied.]
From the clear emphasized language it is evident that all of the rules pertaining to and governing bonds for cost, LSA-R.S. 13:4522, are applicable to the attorneys' fee bond. The last sentence of LSA-R.S. 13:4522 states:

"This section shall not apply to the Parish of Orleans and to cases brought in forma pauperis, nor to the state or any political subdivision thereof." [Emphasis supplied.]
Since no bond for cost can be required of a pauper, neither can a bond for attorneys' fees be required pursuant to finding the plaintiff indigent, as it too is waived.
The exceptions noted by the trial court in LSA-C.C.P. Art. 5185 are inapplicable and not controlling. Plaintiff is not seeking an order or judgment required by law to be conditioned on his furnishing security other than for costs, but a judgment for damages. The exceptions contemplated by the article, such as an order issuing a writ of attachment, an order granting a suspensive appeal, or a judgment granting an injunction, are codifications of prior jurisprudence recognizing some bonds are indispensable *699 and may not be waived. The bond in question is not mandatory, but is purely discretionary on the part of the defendant officer.
By holding that an indigent is not required to post the bond for attorneys' fees, we do not hold the other provisions of LSA-R.S. 42:261(D) are also discarded when applied to paupers.
The statute covers "any duly elected or appointed public official of the State of Louisiana or any of its agencies or political subdivisions. . . ." While there had been no jurisprudence directly on point, we find several cases have discussed the public officialemployee question. In Hall v. City of Shreveport, 157 La. 589, 102 So. 680 (1925) the Supreme Court followed the long accepted common law rule that a policeman is a public officer who exercises some portion of the sovereign power of the state, and held that as an officer, he was excluded from workmen's compensation benefits. The later case of State v. Dark, 195 La. 139, 196 So. 47 (1940), held two conservation officers public officials under the bribery statute and gave additional factors useful to determine that status. The reasoning of these cases is apposite to the case before us and, accordingly, we find police officers are public officials and are afforded coverage under the statute.
While the courts have noted the distinction between an office and a simple employment, it is clearly recognized that an officer may also be an employee, Hall, supra; Dark, supra; Myers v. Fidelity & Casualty Company of New York, 152 So.2d 96 (La.App., 3d Cir. 1963), and that his employer is liable for wrongful injury inflicted while the officer was performing his official duties under the doctrine of respondeat superior. Taylor v. City of Alexandria, 261 So.2d 92 (La.App., 3d Cir. 1972); Bourque v. Lohr, 248 So.2d 901 (La.App., 3d Cir. 1971); Taylor v. City of Baton Rouge, 233 So.2d 325 (La.App., 1st Cir. 1970).
This opinion is also consistent with the decision reached this day in Bolden v. City of Shreveport, 278 So.2d 138 (La.App.2d Cir., decided May 1, 1973).
For these reasons the judgment of the lower court dismissing plaintiff's suit against S. A. Anderson is hereby annulled, avoided, reversed and set aside, and
It is now ordered, adjudged and decreed that plaintiff be and he is hereby authorized to continue to prosecute this cause without the giving of security for payment of defendant officer's attorneys' fees; and
It is now ordered that this cause be, and it is hereby remanded to the Honorable, the First Judicial District Court in and for Caddo Parish, Louisiana for further proceedings in accordance with law and consistent with the views herein expressed.
Defendant S. A. Anderson is assessed with costs of this appeal; the assessment of all other costs shall await final judgment.
Reversed and remanded.
AYRES, J., for the reasons assigned and adhered to in the original opinion in Bolden v. City of Shreveport, La.App., 278 So.2d 138, respectfully concurs in the decree.
PRICE, J., dissents for the reasons expressed in his dissent on rehearing in Bolden v. The City of Shreveport, La.App., 278 So.2d 147.
BOLIN, J., dissents for the reasons expressed in the original opinion and on rehearing in Bolden v. The City of Shreveport, La.App., 278 So.2d 142.