AYRES, Judge.
This action for damages arises out of alleged defamatory remarks broadcast in the form of an editorial over Radio Station KVCL of Winnfield. Plaintiff, Robert M. Cherry, is Secretary of the Winn Parish Police Jury and is Treasurer of that Parish. Defendants are Edward R. Hall, d. b. a. Winn Broadcasting Company, and *628 Mrs. C. H. (Edna Walker) Crain, formerly Registrar of Voters of Winn Parish.
A transcribed copy of the editorial of which plaintiff complains is attached to and made a part of his petition. Predicated upon an affirmative showing in plaintiff’s petition that plaintiff is a public official, defendants separately excepted to the petition as disclosing neither a right nor a cause of action against them because, first, the editorial was not libelous (slanderous), nor was malice alleged to have been involved or motivated by the broadcast.From judgment sustaining the exceptions, plaintiff prosecutes an appeal to- this court.
Appellant fails to set forth any specifications of error in his brief but contents himself with posing the questions: First, Did-plaintiff’s petition, together with the attachment, state a cause of action? and, second, Although no formal request for amendment appears in the record, should an amendment of the petition be allowed?
As Parish Treasurer, there can be no question of the fact that plaintiff is a public official. His office was created by legislative enactment. He was elected by the Police Jury of his parish for a term of two years, and is required to maintain an office at the parish seat. LSA-R.S. 33 :- 1651. He was, moreover, required to take an oath of office — LSA-Const., Art. 19 § 1. Specifically, as defined in LSA-R.S. 42:1:
“As used in this title, the term ‘public office’ means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
“ ‘Public officer’ is any person holding a public office in this state.”
In certain aspects or for particular purposes, one may or may not be considered a public officer or a public figure, but, where the Constitution or an act of the Legislature creates a position, fixes the compensation therefor, and prescribes the duties thereof, and these duties, not occasional or temporary in character but of a continuing and permanent nature, pertain to the public, such position or employment is an office, and the one who occupies it is an officer.
A transcribed copy of the editorial made a part of plaintiff’s petition contains these recitals:
“This is an editorial. Here is Ed Hall, licensee of KVCL and KVCL-FM:
“A few weeks ago the Secretary-Treasurer of the Winn Parish Police Jury, Robert M. Cherry, was involved in a dispute with retired voter registrar, Mrs. C. H. Crain, over her final pay check. Mrs. Crain told KVCL she received her final pay check in early October and her last month to work was October. She felt sincerely that because she failed to receive a November check she had not been paid for her October services.
“It was because of this dispute that KVCL was told of the Police Jury Policy paying salaries days, weeks, sometimes nearly a month in advance. At the time, Secretary-Treasurer Cherry told KVCL that he, the food stamp cashier, his office assistant, the janitor, the judge, the District Attorney and other employees paid from the general fund are paid in advance. Cherry said the legislative auditor approves this practice.
“At this month’s meeting of the Police Jury, Roscoe Bice of ward one offered a motion which would require the Secretary-Treasurer to pay salaries on the last working day of the pay period. Cherry told Bice that the Police Jury is not paid in advance and that general fund employees are sometimes paid a ‘few days’ in advance. Cherry publicly questioned the credibility of Bice’s information which he said was from KVCL, Ed Hall and the newspaper. The Police Jury then gave no further attention to Bice’s motion. KVCL believes *629 Mr. Bice’s motion merited serious consideration, even in view of the alleged ‘credibility gap’.
“KVCL believes the practice of paying public employees a month, several days, even a few days in advance of the last working day of the pay period is contrary to the public interest and should be discontinued.
“Police Jury Secretary-Treasurer Robert Cherry, when asked, said he was too busy to allow KVCL to view the general fund payroll checks contained in the September and October Police Jury bank statements. In view of this, KVCL questions the credibility of the Police Jury Secretary-Treasurer, Mr. Robert M. Cherry.
“This has been a KVCL-KVCL-FM editorial . . . Responsible persons with views divergent to those expressed by the stations will be allowed an opportunity to express their views in keeping with the fairness doctrine of the Federal Communications Commission.
“12/15/71.”
The petition does not allege that the language of the editorial was provoked or brought about by reasons of hatred, ill will, or malice on the part of defendants toward plaintiff. Fair comment is permitted with reference to an official’s conduct in office. However, to afford an official relief from slanderous (or libelous) remarks and to warrant the assessment of damages, the rule requiring actual malice is applicable.
Strict constitutional limits have been placed on actions for damages for libel (or slander) by public officials. Malice is an essential element in any charge of official misconduct. New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); Monitor Patriot Co. et al., v. Roy, 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35 (1971); Rosenbloom v. Metromedia, Inc., 403 U.S. 29, 91 S.Ct. 1811, 29 L.Ed.2d 296 (1971); Time, Inc. v. Firestone, 254 So.2d 386 (Fla.App., 4th Dist. 1971).
Thus, the law appears to be well settled that for newspapers, radios, and other mediums to be liable in damages for wrongful and harmful criticism of any public official or public figure, such wrongful publication must have been motivated by hatred, ill will, or malice. Plaintiff’s petition does not so allege, and, without such allegation, proof thereof would be inadmissible. And, thus, as the editorial does not of and in itself disclose either hatred, ill will, or malice on the part of defendants toward plaintiff, plaintiff’s petition neither states nor discloses a right or a cause of action.
The judgments appealed are accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.