292 So.2d 911 (1974)
Walter Leonard HOUSTON, Plaintiff-Appellant,
v.
Leemon BROWN et al., Defendants-Appellees.
No. 12260.
Court of Appeal of Louisiana, Second Circuit.
March 19, 1974.
Rehearing Denied April 23, 1974.
*912 James E. Franklin, Jr., Richard E. Norred, by Richard E. Norred, Shreveport, for plaintiff-appellant.
Dixon & Thomas, by Neil Dixon, Shreveport, for defendants-appellees.
Before BOLIN, PRICE and HALL, JJ.
BOLIN, Judge.
Walter Leonard Houston instituted suit for damages for personal injury sustained when he was allegedly physically assaulted while being arrested by Leemon Brown, a policeman employed by the City of Shreveport, Louisiana. The petitioner asks for trial by jury.
Made defendants are Brown and the City of Shreveport. Plaintiff was allowed by order of the court to proceed in forma paupers and defendants filed a rule to traverse the right of plaintiff to so proceed. (La.C.C.P. Arts. 5181-5188) On the same day, July 16, 1971, defendant Brown filed a motion for bond under Louisiana Revised Statutes 42:261(D) which provides:
"D. Any party who shall file suit against any duly elected or appointed public official of the State of Louisiana or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office. . ., and who shall be unsuccessful in his demands shall be liable to said public official for all attorneys' fees incurred by said public official in the defense of said lawsuit or lawsuits, which said attorneys' fees shall be fixed by the court.
"The defendant public official shall have the right by rule to require the plaintiff to furnish bond, as in the case of bond for costs, to cover such attorneys' fees before proceeding with the trial of said cause."
The rule to traverse and motion for bond were tried and on May 15, 1973, the trial judge rendered a brief memorandum opinion in which he found plaintiff was not entitled to proceed in forma pauperis and ordered him to furnish bond as required by R.S. 42:261(D) in the amount of $2000. Further, he ordered that if said bond was not furnished within twenty days the suit would be dismissed.
Plaintiff filed a motion for new trial and the court minutes of June 18, 1973 reflect the following action on that motion:
"Motion for new trial filed by plaintiff argued, submitted, and the Court ordered the cost bond reduced to $1000.00 and to be posted in 20 days."
Plaintiff failed to post the bond; motion to dismiss as of non-suit was filed; and, on August 15, 1973, judgment was rendered dismissing plaintiff's action against Brown for failure to post the bond provided in Louisiana Revised Statutes 42:261
*913 (D). From this judgment plaintiff has appealed. We affirm the judgment of the lower court.
Although plaintiff specifies five errors allegedly committed by the trial court, there appear to be three primary issues presented for our determination:
(1) Did the trial court correctly conclude plaintiff was not a "pauper" and not entitled to litigate without posting bond?
(2) Is Leemon Brown, defendant, an "official" within the meaning of Louisiana Revised Statutes 42:261 (D) requiring the posting of bond for attorney's fees in all civil actions against public officials?
(3) Is R.S. 42:261(D) constitutional?
We shall consider the issues in the order named. Louisiana Code of Civil Procedure Articles 5181-5184 govern the rights and procedures to be followed in forma pauperis cases, as follows:
Art. 5181.
"An individual who is unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor."
Art. 5182.
"The privilege granted by this Chapter shall be restricted to litigants who are clearly entitled to it, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the fomentation of litigation by an indiscriminate resort thereto may be discouraged, without depriving a litigant of its benefits if he is entitled thereto."
Art. 5183.
"A person who wishes to exercise the privilege granted in this Chapter shall apply to the court for permission to do so in his first pleading, or in an ex parte written motion if requested later, to which he shall annex:
(1) His affidavit that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor, because of his poverty and lack of means; and
(2) The affidavit of a third person other than his attorney that he knows the applicant, knows his financial condition, and believes that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor.
"When the application and supporting affidavits are presented to the court, it shall inquire into the facts, and if satisfied that the applicant is entitled to the privilege granted in this Chapter, it shall render an order permitting the applicant to litigate, or to continue the litigation of, the action or proceeding without paying the costs in advance, or as they accrue, or furnishing security therefor."
Art. 5184.
"An adverse party may traverse the facts alleged in the affidavits of poverty, and the right of the applicant to exercise the privilege granted in this Chapter, by a rule against him to show cause why the order of court permitting him to litigate, or to continue the litigation, without paying the costs in advance, or as they accrue, or furnishing security therefor, should not be rescinded.
"The court shall rescind its order if, on the trial of the rule to traverse, it finds that the litigant is not entitled to exercise the privilege granted in this Chapter." (Emphasis added)
On the hearing of the rule to traverse the only witness to testify on the question of indigency was plaintiff. He testified he *914 was married, though not living with his wife, and not judicially separated. He stated he had two children whom he was compelled to support by order of the Juvenile Court; he owned a 1969 Chevelle automobile and was employed by Louisiana Industries in Bossier City at two dollars an hour for approximately $80 a week, plus four or five hours a week overtime averaging about $375 a month. At the time of the trial of the rule he had been employed for nine months.
Concerning his indebtedness and expenses, he testified his monthly expenses were as follows: $42 for rent; $85 child support; $40 on a debt of $300 to Sales Finance; $10 or $15 on a debt of $514.74 to the credit union; $3.00 to Modern Clothing on a $50 debt; $5.00 on a $300 debt to Schorr Furniture Company. These payments totaled $190, exclusive of food and incidentals, leaving a difference of $185.
Although plaintiff stated he had only about $15 or $20 remaining after paying his bills, the court found Houston was not destitute and ordered him to furnish bond as required by Louisiana Revised Statutes 42:261(D) in the amount of $2000 (later reduced to $1000) within a period of 20 days; if said bond was not furnished within this period of time, the suit to be dismissed.
Under the provisions of the second paragraph of C.C.P. Article 5184, the court "shall rescind its order [to proceed in forma pauperis] if, on the trial of the rule to traverse, it finds that the litigant is not entitled to exercise the privilege granted in this Chapter." Thus, the first question presented is whether the order was properly rescinded.
Both parties have cited the cases of Hollins v. Moore, (La.App. 3d Cir. 1969) 220 So.2d 103, and Hollier v. Broussard (La.App. 3d Cir. 1969) 220 So.2d 175, to support their opposed contentions. In each of the cited cases the court stated that the act allowing one to sue in forma pauperis should be liberally construed. However, the court concluded in each case that the decision of the trial judge rescinding a previous order allowing plaintiff to proceed as a pauper was not an abuse of discretion and should, therefore, not be disturbed.
In Hollier the court commented on Articles 5181 et seq., with the following language at page 178:
"In determining whether a person is entitled to litigate as a pauper, the trial court has some discretion to restrict it to litigants `clearly entitled to it, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or furnish security therefor. . . .' LSA-CCP Art. 5182. This discretion should not be disturbed in the absence of abuse. Best v. J. & B. Drilling Company, La.App. 3d Cir., 152 So.2d 119; Nemarich v. Star Checker Cab Co., La.App.Orl., 150 So. 862."
Viewing the facts developed on the hearing of the rule to traverse in light of the pronouncements in the foregoing cases, we conclude the trial judge did not abuse his discretion in rescinding the order allowing plaintiff to proceed in forma pauperis.
We consider next the question of whether Brown, a policeman, is a public official within the ambit of Louisiana Revised Statutes 42:261(D) quoted supra. Plaintiff contends that a policeman is an "employee" and is not a "public official".
This question has been litigated extensively and with varying results. In Hall v. City of Shreveport, 157 La. 589, 102 So. 680 (1925) it was held that a "policeman" was an "officer" rather than "employee" and hence excluded from workmen's compensation coverage. In 1950 the legislature extended workmen's compensation to allow coverage to members of the police department, or municipal employees performing police services, for any municipality, who are not "elected officials."
*915 The categorization of policemen again arose in Myers v. Fidelity & Casualty Company of New York (La.App. 3d Cir. 1963) 152 So.2d 96, and the court adopted the rationale that "a policeman is both an officer and an employee, particularly within the meaning of the contract of insurance under consideration here" and concluded in that case the policeman was an employee.
The crucial issue in Jones v. Anderson (La.App. 2d Cir. 1973) 277 So.2d 697, was whether plaintiff, who was found to be indigent and was allowed to proceed in forma pauperis, was required to post bond for defendant policeman's attorney's fees. The court held, in an opinion consistent with the holding of Bolden v. City of Shreveport (La.App. 3d Cir. 1973) 278 So.2d 138, that a bond for attorney's fees, as provided in R.S. 42:261(D) was in the nature of a bond for costs and since no bond for cost could be required of a pauper, neither could a bond for attorney's fees be required. This conclusion was said to be dispositive of the case; however, the court declared that the reasoning in Hall, supra, and in State v. Dark, 195 La. 139, 196 So. 47 (1940) was apposite to the question of whether R.S. 42:261(D) was applicable to policemen and concluded "police officers are public officials and are accorded coverage under the statute." In view of the pronouncements in Hall, Dark, and Jones we find that Brown is a "public official" and, therefore, is entitled to require plaintiff to furnish bond for attorney's fees.
This brings us to appellant's contention that the questioned statute is unconstitutional as being in violation of the Fourteenth Amendment of the United States Constitution, even in the absence of a finding of indigency or pauperism. He argues that "due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims. . . through the judicial process must be given a meaningful opportunity to be heard", citing Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).
Louisiana Revised Statutes 42:261 (D) does not deny access to the courts to any persons. The bond requirement is a legitimate exercise of legislative control over litigation. As stated in Boddie, supra, and as held in United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), the constitution does not demand access to the courts for all individuals in all circumstances, nor does the constitution require that all litigation be classified the same with equal cash and bond requirements. The state has a rational basis for requiring a reasonable bond as a precondition to the prosecution of a tort action allegedly arising out of the performance of duties considered a vital part of the sovereignty of the state.
The judgment is affirmed at appellant's cost.