314 So.2d 409 (1975)
WILLSWOOD PLANTATION, INC.
v.
Clarence P. FORET.
No. 7023.
Court of Appeal of Louisiana, Fourth Circuit.
June 9, 1975.
Rehearing Denied July 8, 1975.
Writ Refused September 26, 1975.
Pilie, Pilie, & Landry (M. Arnaud Pilie, New Orleans), for plaintiff-appellee.
McClendon, Greenland & Denkman (W. Frederick Denkman, Metairie), for defendant-appellant.
Before LEMMON, MORIAL and BEER, JJ.
LEMMON, Judge.
This is an action to obtain possession of certain batture property owned by Willswood Plantation, Inc. We granted a writ of certiorari to review a judgment maintaining an exception of lis pendens.
Willswood's ancestor in title had leased the property to Clarence Foret in 1971 by a written contract which provided for a term of ten years and rental payments of $10,000.00 annually, with the first payment due "six months after barge operations are begun but no later than November 1, 1971."
*410 Willswood's petition alleged that Foret had never paid the rental due under the written lease, but rather had leased (apparently by subsequent oral agreement) a portion of the property on a year-to-year basis for an annual rental price of $7,000.00. Willswood further alleged it had notified Foret that it did not intend to renew the year-to-year lease and that Foret had to vacate the premises.
Foret filed an exception of lis pendens, alleging that an action he had filed earlier in the United States District Court involved many issues, one of which was the same cause of action presented herein.
In the federal suit Foret alleged that he and Willswood's ancestor had orally agreed to reduce the annual rental price to $7,000.00 until the contracts for fleeting barges were completed and the entire property placed in use, at which time the annual rental price would return to $10,000.00; that he paid $7,000.00 each November in 1971, 1972 and 1973; that neither Willswood nor its ancestor had ever objected to the verbal modification of the rental price; that the fleeting contracts were completed in early 1974 and the lessor notified accordingly, but the timely check tendered for full rental payment under the original contract was returned; and that Willswood and others conspired to deprive him of his possession of the leased property in restraint of trade and in violation of antitrust laws. Foret prayed that the court enjoin Willswood from disturbing his possession and also award him damages.
In this court Foret argues that the United States District Court will adjudicate the issue as to the validity of the lease and that maintaining the exception in this case will prevent piecemeal litigation. We disagree with this approach.
C.C.P. arts. 531 and 532 authorize the exception of lis pendens when the suit to which the exception is directed is brought on the same cause of action and has the same object as the pending suit. The object of the present suit is to regain possession of leased property based on termination of the lease caused by Foret's failure to pay the entire rental price or by expiration of the year-to-year lease. To prevail Willswood must prove that under the terms of the modified lease agreement Foret is no longer entitled to possession. On the other hand, the object of the federal suit is the recovery of damages, based not on Foret's entitlement to possession under the modified lease agreement, but on the actions of Willswood's officers or agents and others.
While it may be necessary in the federal suit to determine some issues as to the terms of modified lease agreement, mere identity of issues is not sufficient to support a plea of lis pendens.[1] The cause of action and the object of the two suits must be the same.
The present case lacks the requisite sameness of cause of action and object as the federal suit.
Accordingly, the judgment of the trial court is reversed, and it is now ordered that the exception of lis pendens be overruled.
Reversed and rendered.
BEER, Judge (concurring).
I respectfully concur in the result.
I am concerned about the fact that the lease agreement appears to have been satisfactory to both parties at the commencement of the lease and only came under attack when the lessor felt the termination to be in its best interest, thus giving rise to possible credibility of the contentions advanced by able counsel for Foret.
*411 Yet, I agree with the majority's interpretation of C.C.P. Articles 531 and 532 and must concur for that reason.
However, I feel that justice requires the trial court to very carefully consider all of the allegations made with respect to the alleged conspiracy for they may, indeed, be extremely relevant to the ultimate determination of the lease dispute.
NOTES
[1] Circumstances surrounding the alleged conspiracy may be relevant to the determination of the disputed terms of the lease modification. We do not by this decision inquire into the merits of either pending action.