370 So.2d 518 (1979)
Tinker WILLIAMS
v.
Leonard LONDON.
No. 63362.
Supreme Court of Louisiana.
April 9, 1979.
Rehearing Denied May 21, 1979.
*519 George H. Ware, Jr., Ligon & Ware, Clinton, for plaintiff-applicant.
Walter C. Dumas, Baton Rouge, for defendant-respondent.
CALOGERO, Justice.
We granted writs in this case to review a ruling of the Court of Appeal that a plaintiff who seeks damages from a member of a Police Jury for an alleged intentional tort can be required to provide security for defendant's attorneys' fees under R.S. 42:261(E).
The issue arose after Tinker Williams filed a damage suit against defendant. Plaintiff alleged that on January 17, 1977, he attended a police jury meeting in East Feliciana Parish to voice complaints about the location of certain establishments selling alcoholic beverages in close proximity to recreational areas. Williams claims that at the meeting, after he made his complaints, defendant, a member of the East Feliciana Parish Police Jury, threatened to slap him if he opened his mouth. At a subsequent police jury meeting, on May 17, 1977, when Williams attempted to complain about the condition of certain parish roads, defendant asked why Williams had not complained to him directly. When Williams explained that he had not approached defendant because defendant had at an earlier meeting threatened to slap him, defendant responded, "I'll do it now."
In response to the petition defendant filed a motion for security for costs seeking to require plaintiff to furnish, inter alia, bond for attorneys' fees under R.S. 42:261(E) before proceeding to trial. After a hearing, the trial court denied defendant's motion to have plaintiff furnish bond to cover attorneys' fees.[1] Upon application of defendant, the Court of Appeal granted writs and in a two to one decision reversed the trial court on this issue. Finding that the defendant was an "elected official" and that the subject matter of the suit arose out of the performance of the duties of his office "since the actions complained of occurred during a police jury meeting at a time when plaintiff and defendant were discussing Police Jury business," the Court of Appeal held defendant entitled to have plaintiff post bond for attorneys' fees under R.S. 42:261(E) and remanded to the district court for fixing of the bond. Plaintiff's applications for a five judge panel and a rehearing were denied.[2]
Plaintiff contends that the Court of Appeal erred in concluding that his suit for damages was concerning a matter arising out of the performance of the duties of defendant's office and that R.S. 42:261(E) was applicable. He argues that even though the assaults occurred during a police jury meeting while he and defendant London were discussing police jury business, the assaults did not arise out of the performance of defendant's duties as a police juror. We agree, and reverse the judgment of the Court of Appeal.
By Act 304 of 1960 the legislature amended R.S. 42:261 to add subsection D (now relettered E) to impose liability (and corresponding necessity to post bond for defendant's attorneys' fees) upon any party who unsuccessfully sues an elected or appointed public official on a matter arising out of the performance of the duties of his office.
R.S. 42:261(E) provides:
"Any party who files suit against any duly elected or appointed public official of this state of or any of its agencies or political subdivisions for any matter arising *520 out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those cases where the plaintiff is seeking to compel the defendant to comply with and apply the laws of this state relative to the registration of voters, and who is unsuccessful in his demands, shall be liable to said public official for all attorneys fees incurred by said public official in the defense of said lawsuit or lawsuits, which attorneys fees shall be fixed by the court.
The defendant public official shall have the right, by rule, to require the plaintiff to furnish bond as in the case of bond for costs, to cover such attorneys fees before proceeding with the trial of said cause." (Emphasis added)
In the title to the act the purpose of the amendment is explained as follows:
"to provide for attorneys' fees incurred by any public official of the State of Louisiana, its agencies or any of its political subdivisions in the successful defense of lawsuits brought as a result of performance of the duties of his office." (Emphasis added)
To determine whether this lawsuit is a matter arising out of the performance of the duties of defendant's office, we must consider the underlying purpose of R.S. 42:261(E). The intent of the legislature in adding subsection E appears to be to protect public officials from the harassment of frivolous lawsuits and from the expenses attendant upon defending themselves because of conduct incident to the discharge of their official duties. The protection afforded is limited by the statute, however, to those matters "arising out of the performance of the duties of his office." This limitation makes it clear that the legislation was not intended to relate to all lawsuits but only to those arising out of a reasonable and legally appropriate performance of a public official's duties.
In our view an assault alleged to have been committed by a member of a police jury, even if it did occur during a police jury meeting while discussion of police jury business was taking place, is not a matter contemplated by the statute. Even if we were to focus on the maintenance of order at the police jury meetings as an official duty of a member of the jury, we can not find that a personal threat of physical violence by a police juror is within the scope of those duties. While a police juror may be acting within the scope of his duties when he has a disruptive citizen ejected from a meeting, he is not free to personally threaten to perform a battery upon a citizen who attempts to participate in a meeting.[3]

Decree
For the foregoing reasons the judgment of the Court of Appeal is affirmed in part and reversed in part. Insofar as it affirmed the ruling of the trial court on the motion for security for costs under R.S. 13:4522, the judgment is affirmed. Insofar as it reversed the trial court's ruling denying the motion for bond for attorneys' fees under R.S. 42:261(E), the judgment is reversed and the case is remanded to the trial court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
TATE, J., concurs and assigns reasons.
TATE, Justice, concurring.
I concur completely in the majority opinion.
However, I note an additional reason why the citizen should not be required to provide security for the official's attorney's fees in a citizen suit against an official as required by La.R.S. 42:261(E). Since the issue of the unconstitutionality of the statute is not raised in this case, we do not pass upon it, nor do we reach it for the reasons stated by the majority.
*521 However, a requirement that a citizen furnish a bond and be liable for attorney's fees when he sues a public official, whereas an official suing a citizen need not file bond or be liable for attorney's fees, is in my opinion unconstitutional. For one reason, the statute offends Art. 1, Section 22, La.Const. of 1974: "All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights."
The California Supreme Court, construing a similar statute held a similar requirement offended due process. Beaudreau v. Superior Court of Los Angeles County, 14 Cal.3d 448, 121 Cal.Rptr. 585, 535 P.2d 713 (1975). The Louisiana statute is unconstitutional, for reasons similar to those which invalidated the California statute.
I note the absence of our ruling of the constitutionality of the statute, lest our silence on the issue be misleading. As noted, we did not reach the constitutional issue since it was not properly raised in the pleadings before us.
NOTES
[1] In that motion defendant also sought bond for security or costs under R.S. 13:4522. The trial court found and the Court of Appeal agreed that defendant had failed to show the necessity for the bond for costs.
[2] In his application for writs to this Court, Williams assigned as error the Court of Appeal's denial of his application for rehearing before a five judge panel. In refusing that application the three judge panel unanimously concluded that La.Const. article 5, § 8(B) applied only to the appellate jurisdiction of the Court of Appeal and not to its supervisory jurisdiction as in this case. Although applicant briefed this argument, he asked in oral argument that the assignment be considered waived. This opinion will therefore not consider this issue.
[3] During his testimony at the hearing on the motion for security for costs and attorneys' fees, defendant did not deny plaintiff's allegations that defendant threatened to slap him. Inferentially he admitted the threat when he testified that although he did not remember the exact words of the statement "there was [sic] some statements made concerning the matter."