COVINGTON, Judge.
This is a suit for personal injuries. By a third party demand, the original defendant, State Farm Mutual Automobile Insurance Company, brought in the City of Houma as third party defendant. The City thereupon filed a motion to require the insurer to furnish a bond in the amount of $5,000.00 to cover attorney’s fees in accordance with the provisions of LSA-R.S. 42:261(E). The lower court granted the motion to the extent that it required the insurer, third party plaintiff, to post bond in the amount of $1,500.00 within 30 days of the signing of the order. We issued an alternative writ requiring the order to be rescinded or an explanation why not. The lower court elected to respond.
We make the writ peremptory ordering the rescission and vacation of the lower court’s order of May 23, 1979, requiring the third party plaintiff, State Farm Mutual Automobile Insurance Company, to post bond.
By Act 304 of 1960 the legislature amended R.S. 42:261 to add subsection D (now designated E) to impose liability, with corresponding necessity to post bond for defendant’s attorneys’ fees, upon any party who unsuccessfully sues an elected or appointed public official on a matter arising out of the performance of the duties of his office.
R.S. 42:261(E) provides:
“Any party who files suit against any duly elected or appointed public official of this state or of any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those cases where the plaintiff is seeking to compel the defendant to comply with and apply the laws of this state relative to the registration of voters, and who is unsuccessful in his demands, shall be liable to said public official for all attorneys fees incurred by said public official in the defense of said lawsuit or lawsuits, which attorneys fees shall be fixed by the court.
*143 “The defendant public official shall have the right, by rule, to require the plaintiff to furnish bond as in the ease of bond for costs, to cover such attorneys fees before proceeding with the trial of said cause.” (Emphasis added)
In the title to the act the purpose of the amendment is explained:
“. . . [T]o provide for attorneys’ fees incurred by any public official of the State of Louisiana, its agencies or any of its political subdivisions in the successful defense of lawsuits brought as a result of performance of the duties of his office.” (Emphasis added)
To determine whether a bond is required in the case at bar, we must consider the underlying purpose of LSA-R.S. 42:261(E). It appears to us that its purpose is to protect public officials from the harassment of frivolous lawsuits with the attendant expenses upon defending themselves because of conduct incident to the discharge of their official duties. The protection afforded, however, is limited by the act to elected or appointed “public officials” and to those matters “arising out of the performance of the duties of his office.” This limitation makes it clear that the legislation was not intended to protect political subdivisions or public bodies and agencies, or to relate to any lawsuit but one arising out of a performance .of a public-office duty. We believe the legislature only intended to provide protection in suits brought by parties claiming injury growing out of performance of a public official; and if, as in the instant case, the suit is a claim against the City, a political subdivision, for damages allegedly caused by a municipality’s negligence, there is no protection or coverage afforded by the act. See “Tinker Williams versus Leonard London [370 So.2d 518], No. 63,362, on the docket of the Supreme Court of Louisiana, April 9, 1979.” The express language of the act grants the right to require security to the “defendant public official.”
For the foregoing reasons the writ is made peremptory and it is ordered that the Honorable Baron B. Bourg, Judge of the 32nd Judicial District Court, Parish of Ter-rebonne, Louisiana, rescind and vacate his order of May 23, 1979, requiring the third party plaintiff, State Farm Mutual Automobile Insurance Company, to post bond.
WRIT MADE PEREMPTORY.