374 So.2d 696 (1979)
The BANK OF NEW ORLEANS AND TRUST COMPANY
v.
Bushnell C. SEAVEY.
No. 10632.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1979.
Rehearing Denied September 11, 1979.
Writ Granted November 1, 1979.
J. David Forsyth, New Orleans, for relator.
C. Ellis Henican, Jr., New Orleans, for respondent.
Before SAMUEL, LEMMON and GARRISON, JJ.
SAMUEL, Judge.
Plaintiff-relator filed this application for supervisory writs seeking reversal of a May 21, 1979 trial court judgment which maintained a defendant exception of lis pendens and stayed these proceedings until the outcome of a suit pending in the United States District Court for the Eastern District of Louisiana. Defendant-respondent has filed an opposition to the application and relator has replied to that opposition. On the showings thus made, there are no material *697 facts in dispute and therefore no need for certiorari.
The matter before us is controlled by Code of Civil Procedure Article 532 which reads as follows:
"When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same cause of action, between the same parties in the same capacities, and having the same object, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered." LSA-C.C.P. Art. 532.
As we understand the above quoted Article 532, in his sound discretion the trial judge may stay proceedings in the second suit, i. e., the suit in the Louisiana court, only when the suit previously filed is pending in a court of another state or of the United States and, in addition, only when the two suits are "on the same cause of action, between the same parties in the same capacities, and having the same object". In the absence of all of these essential requirements the trial court is without authority to stay proceedings in the suit filed in the Louisiana court.
The instant suit, filed on February 22, 1979, is for the balance due on respondent's promissory note. The federal suit was filed by twenty plaintiffs for rescission, damages and declaratory relief against relator, Lyle H. Degelos and Louisiana Dairy Farms, Inc. Respondent was not one of the original plaintiffs in that federal suit. However, he was one of several individuals who, on February 12, 1979, filed a motion to intervene therein. The motion was opposed. After a hearing, permission to intervene was granted on February 28, 1979 and, apparently, the intervention was actually filed on March 1, 1979. The intervention basically alleges the three defendants were part of a scheme to commit illegal or reckless acts of misrepresentation (by fraud and unlawful conduct in violation of federal acts and of state law) against intervenors who were investors. It seeks rescission intervenors' promissory notes held by relator (which notes resulted from acts under that scheme and include the respondent's note herein sued on), together with refund on moneys paid on those notes, damages, etc.
Although there is a possibly serious question as to whether the federal suit was filed first, particularly in view of the fact that the instant state suit was filed before permission to intervene in the federal suit was granted, we find it unnecessary to consider or decide that question. We are satisfied the two suits are not on the same cause of action and do not seek the same object, and these two conclusions are sufficient in themselves to deprive the trial court of authority to stay.
The cause of action in the federal suit is based on the Securities Act of 1933, the Securities Exchange Act of 1934, a ruling of the Securities and Exchange Commission, the Louisiana Blue Sky Law Claims (LSA-R.S. 51:701 et seq.), and Louisiana Civil Code Articles 1847 and 2315. It is a cause of action entirely different from the instant suit on a promissory note. And the two suits do have different objects. The instant suit seeks only recovery on the promissory note, a recovery which cannot be obtained in the federal suit as it now stands, while the intervention seeks rescission of the note in suit and various other relief.[1] While some of the alleged facts in the federal suit, if proved, would constitute a defense in this suit, as we said in Willswood Plantation, Inc. v. Foret:[2]
"While it may be necessary in the federal suit to determine some issues .., mere identity of issues is not sufficient to support a plea of lis pendens. The cause of action and the object of the two suits must be the same."
For the reasons assigned, the judgment of the trial court is reversed, the exception of lis pendens is overruled, and the matter *698 is remanded to the trial court for further proceedings in accordance with law. Costs in this court are to be paid by the defendant-respondent; all other costs are to await a final determination.
REVERSED AND REMANDED.
LEMMON, Judge, dissents and assigns reasons.
Seavey's intervention in the federal court action, asserting the invalidity of the note, was "filed" before the state court action on the note, because the granting of leave to intervene related back to the original filing of the intervention and motion for leave.
As to the identity of causes (of action), the state court action seeks collection of the note, while the federal court action seeks to resist collection by declaring the note null and void. If the federal court action proceeds to judgment, BNO will undoubtedly file a counterclaim on the note, and all issues will be decided. On the other hand, if the state court action is allowed to proceed to judgment, Seavey will undoubtedly restate the allegations of his federal court intervention as a defense in state court, and all 21 original plaintiffs, 5 first intervenors and 6 second intervenors will be required to give testimony identical to that which will be required in federal court.
As BNO states in its application, the purpose of the exception of lis pendens is to prevent harassment through simultaneous prosecution of identical actions. It appears that purpose is exactly applicable here.

ON APPLICATION FOR REARGUMENT/REHEARING.
PER CURIAM.
In his application for reargument/rehearing the respondent (Seavey) contends this matter should have been, and should now be, heard before a panel of at least five judges in accordance with Article 5, Section 8(B) of the Constitution of 1974.
For the reasons expressed by our brothers of the First Circuit in Williams v. London,[1] we are of the opinion that the above constitutional provision is inapplicable because the instant matter involves only our supervisory jurisdiction. In addition, in our view the convention debate on the reargument question reveals the convention was concerned with reversals on facts and there are no factual matters involved here.
Both the application for reargument before a panel of at least five judges and the application for a rehearing are denied.
APPLICATION FOR REARGUMENT/REHEARING DENIED.
LEMMON, Judge, concurs in the denial of application for reargument before a five-judge panel and assigns reasons, while dissenting from the denial of application for rehearing.
I do not agree completely with the broad language in the Williams case which indicates that La.Const.1974, Art. 5, § 8(B) applies only to judgments reviewed under appellate jurisdiction and never to judgments reviewed under supervisory jurisdiction.
The purpose of Section 8(B) is to provide for a higher quality of justice when a litigant, who has won a case in the trial court (where most cases are won or lost), loses a non-unanimous decision on the merits in an intermediate court and has little chance of further review.[1] Section 8(B) simply provides one additional opportunity for review after a final decision on the merits and should be applied only to judgments of the intermediate courts which decide the merits of the case.
Since most decisions on the merits by the intermediate courts are rendered under the court's appellate jurisdiction, the Williams rationale generally holds true. However, an intermediate court occasionally renders a decision on the merits. After granting certiorari *699 under its supervisory jurisdiction, and in such a case Section 8(B) should likewise apply.[2] The present case does not involve a judgment on the merits rendered by this court, and Section 8(B) is inapplicable.
I therefore concur in denying the application for reargument before a five-judge panel, although I dissent from denying the application for rehearing on our original judgment.
NOTES
[1] See Estilette v. Rogers, La.App., 301 So.2d 372.
[2] La.App.,314 So.2d 409, 410.
[1] La.App., 364 So.2d 621. Revised in part, affirmed in part on other grounds. La., 370 So.2d 518.
[1] Actually, the transcript of the Constitutional Convention clearly indicates that the section was intended to apply only to modifications or reversals on questions of fact.
[2] An example is Mangin v. Auter, 360 So.2d 577 (La.App. 45th Cir. 1978), a case in which this court granted certiorari and ordered that the previously overruled exception of prescription be maintained. Since the effect of our decision was to dismiss plaintiff's case, thereby deciding the merits, and since the original three-judge decision was not unanimous, the case was reargued before a five-judge panel pursuant to Section 8(B).