BOUTALL, Judge.
Plaintiffs sued the Jefferson Parish Sheriff’s Department and Roderic M. Ripp, an employee, for damages arising out of an automobile collision. Defendant Ripp filed a rule to show cause why plaintiffs should not furnish a bond as security for attorney’s fees under the provisions of L.R.S. 42:261 E. A judgment was rendered ordering plaintiffs to furnish bond of $1,000 and decreeing “in default of posting same within 15 days from January 5, 1979, plaintiffs’ suit will be dismissed as of non-suit.” Plaintiffs filed no bond and on January 24, 1979, Ripp filed an ex parte motion to dismiss plaintiffs’ suit as of non-suit, which was signed by the trial judge on January 25, 1979, dismissing plaintiffs’ suit against Roderic M. Ripp as of non-suit.
Plaintiffs appeal assigning three errors: That L.R.jS. 42:261 E does not provide for dismissal of suit but only prohibits plaintiffs from proceeding with the trial of the case; that the judgment of January 16 effectively denied plaintiffs 15 days for furnishing bond by beginning the period retroactive to January 5; that the requirement of security for attorney’s fees of a public official is unconstitutional.
We first point out that there are two judgments involved in this appeal. The first judgment is that of January 16, 1979 which ordered the posting of security within 15 days, and the second of January 25th, which dismissed plaintiffs’ suit as of non-suit because they did not post the bond required as specified in the first judgment. The record shows that the January 16th *555 judgment was a consent judgment. A par- ■ ty who voluntarily and unconditionally acquiesces in a judgment rendered against him cannot take an appeal. Code of Civil Procedure Article 2085. He can of course appeal the judgment of the 25th to which he did not acquiesce. The issues he raises on appeal are actually issues based upon the decree in the consent judgment. That consent is dispositive of the issue of requiring the bond to be posted within 15 days from January 5, and we decline to consider that issue on this appeal.
However, we will consider the issue as to whether R.S. 42:261 E authorizes dismissal of suit for failing to timely furnish security. That statute provides that an unsuccessful plaintiff shall, in certain cases, be liable to a successful defendant public official for attorney’s fees, and as relevant here, provides:
“The defendant public official shall have the right, by rule, to require the plaintiff to furnish bond as in thé cáse of bond for costs, to cover such attorney’s fees before proceeding with the trial of said cause.” ■ (Emphasis ours.)
The furnishing of bond for costs is set out in L.R.S. 13:4522:
“§ 4522. Defendant may demand security for costs
“The defendant before pleading in all cases may by motion demand and require the plaintiff or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the court such suit or intervention, as the case may be, shall be dismissed without prejudice. This section shall not apply to the Parish of Orleans and to cases brought in forma pauperis, nor to the state or any political subdivision thereof. As amended Acts 1960, No. 32, § 1.”
That statute specifically provides that failure to give security within the time fixed by the court shall subject the case to be dismissed without prejudice. In a number of cases, our courts have held that the provisions of § 4522 are to be applied to the requirement of bond in L.R.S. 42:261 E. See Bolden v. City of Shreveport, 278 So.2d 138 (La.App.2d Cir. 1973); Jones v. Anderson, 277 So.2d 697 (La.App.2d Cir. 1973). The case of Houston v. Brown, 292 So.2d 911 (La.App.2d Cir. 1974) is consistent with the principle. The case of Iles v. White, 345 So.2d 1304 (La.App.3rd Cir. 1977) to which appellant has referred us, did not rule upon this issue, but simply held that failure to post the bond timely did not prevent the trial court from signing an order of appeal.
We interpret L.R.S. 42:261 E to provide that the provisions of R.S. 13:4522 are applicable and available for use in connection with the bond for attorney’s fees, and that a court may property issue judgment dismissing plaintiffs’ suit without prejudice upon the demand of the defendant after failure to post bond within the time fixed.
The last issue raised on appeal is the constitutionality of L.R.S. 42:261 E. Appellant refers us to the concurring opinion in the case of Williams v. London, 370 So.2d 518 (La.1979). That issue is not properly raised on this appeal, and we decline to consider it. The issue was not raised in the trial court, and to the contrary, as we have pointed out above, the bond was required in a consent decree.
Accordingly, we affirm the judgment appealed.

AFFIRMED.