394 So.2d 290 (1980)
Laura L. BROWN et al., Plaintiffs-Appellants,
v.
AETNA LIFE & CASUALTY INS. CO. et al., Defendants-Appellees.
No. 7973.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
*291 Ralph Brewer, Baton Rouge, for plaintiffs-appellants.
Woodley, Barnett, Cox, Williams & Fenet by Edgar F. Barnett, Raggio Cappel, Chozen & Berniard, Richard Cappel and James Morris, Lake Charles, for defendants-appellees.
Before FORET, CUTRER and LABORDE, JJ.
LABORDE, Judge.
This appeal involves the interpretation of LSA-R.S. 42:261E, a statute granting certain defendants, under specified conditions, the right to require the plaintiff to furnish a bond for attorney's fees before proceeding with trial.
Plaintiff, Laura Brown, individually and on behalf of her four minor children, sued several defendants for the wrongful death of her husband. Pursuant to LSA-R.S. 42:261E, two of the defendantsState Trooper Joseph Valenti, and the Department of Public Safety of the State of Louisiana filed a rule to require plaintiff to post a bond as security for their attorney's fees. Interpreting LSA-R.S. 42:261E as granting to both public officials and political subdivisions the right to an attorney fee bond, the trial judge ordered plaintiff to post a $7,500 bond within thirty days under penalty of having her suit dismissed as to these two defendants. The trial judge allowed additional argument after which he again ordered plaintiff to post bond or suffer dismissal. Plaintiff was granted additional time within which to post this bond. After plaintiff failed to post the bond, the trial court dismissed, with prejudice, plaintiff's demands against both Officer Valenti and the Department. Plaintiff appeals. We reverse in part and affirm in part.
We interpret LSA-R.S. 42:261E as limited in use and application by public officials only. Since the Department is not a public official, the trial court erred by allowing it to require plaintiff to post a bond. As regards Officer Valenti, we find no error in the trial court's holding that he is a public official under LSA-R.S. 42:261E and is entitled to require plaintiff to post bond for attorney's fees before proceeding to trial. Accordingly, the trial court had authority to dismiss plaintiff's claims against Officer Valenti when plaintiff failed to post the bond. However, the trial court erred by dismissing those claims with prejudice as dismissal is limited to dismissal without prejudice only. Our reasons follow.
*292 We begin with the trial court's interpretation of LSA-R.S. 42:261E as granting to both public officials and political subdivisions the right to require an attorney's fee bond of plaintiff prior to trial. Our review of the statute indicates that coverage was intended for public officials only.
LSA-R.S. 42:261E, which is fully reproduced in the footnote,[1] provides that an unsuccessful plaintiff shall, under certain circumstances, be liable to a successful defendant public official for attorney's fees. In addition, the defendant public official has the right, by rule, to require the plaintiff to furnish a bond to cover such attorney's fees. The language in the statute favors public officials only. The statute's reference to state agencies or political subdivisions is merely to point out that public officials of those institutions are included. The trial court erred when it interpreted that language as a grant to a political subdivision of the right, when sued, to require the plaintiff to post a bond for its attorney's fees.
Next, we consider whether a state trooper is a public official under the statute and thus entitled to use and application of LSA-R.S. 42:261E. The trial court held that a state trooper is a public official. We affirm that portion of the trial court's judgment.
At the time of the accident forming the basis of plaintiff's wrongful death claim, Officer Valenti was employed as a state trooper by the State of Louisiana, Department of Public Safety. LSA-R.S. 40:1301 provides:
"The Department of Public Safety is created and consists of the position of Director of Public Safety, the Divisions of State Police and Fire Training, the Organized Crime Intelligence Division, and such other divisions as are established in accordance with this Part."
We have little difficulty recognizing that the Department is a state agency or political subdivision. In addition, Louisiana courts have held that police officers are public officials under LSA-R.S. 42:261D (now E). Houston v. Brown, 292 So.2d 911 (La.App. 2nd Cir. 1974) and Jones v. Anderson, 277 So.2d 697 (La.App. 2nd Cir. 1973) application denied 279 So.2d 697 (La.1973). We conclude that a state trooper is a public official of a state agency or political subdivision and is entitled to use and application of LSA-R.S. 42:261E.
On appeal, plaintiff contends that even if the statute requires that she post bond for attorney's fees, that requirement should be dispensed with when the defendant public official has liability insurance coverage. This contention is without merit. No where does LSA-R.S. 42:261E provide an exception for posting the bond for attorney's fees when defendants have insurance coverage.
A final issue involves the manner in which a plaintiff's demands may be dismissed upon his failure to post bond for attorney's fees. Although not raised by either party on appeal, we note that the trial court dismissed plaintiff's claims with prejudice. We address this issue in fulfillment of our duty to render any judgment which is just, legal, and proper upon the record on appeal. LSA-C.C.P. art. 2164.
LSA-R.S. 42:261E, as relevant here, provides:

*293 "The defendant public official shall have the right, by rule, to require the plaintiff to furnish bond as in the case of bond for costs, to cover such attorney's fees before proceeding with the trial of said cause." (Emphasis supplied.)
From the emphasized language, Louisiana courts have held that all of the rules pertaining to and governing bonds for cost are applicable to the attorney's fee bond. Gisclair v. Ripp, 378 So.2d 553 (La.App. 4th Cir. 1979) and Jones v. Anderson, cited supra.
The furnishing of bond for costs is set out in LSA-R.S. 13:4522, which provides:
"The defendant before pleading in all cases may by motion demand and require the plaintiff or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the court such suit or intervention, as the case may be, shall be dismissed without prejudice. This section shall not apply to the Parish of Orleans and to cases brought in forma pauperis, nor to the state or any political subdivision thereof." (Emphasis supplied.)
The statute specifically provides that failure to post security within the time fixed by the court shall subject the case to be dismissed without prejudice. We interpret LSA-R.S. 42:261E to provide that the provisions of LSA-R.S. 13:4522 are applicable and available for use in connection with the bond for attorney's fees, and that a court may properly dismiss plaintiff's suit for failure to post bond within the time fixed, but it may do so without prejudice only.
Accordingly, it is ordered that the trial court's judgment dismissing plaintiff's suit against defendant, Joseph Valenti, is amended to dismissal without prejudice, and as amended is affirmed.
It is further ordered that the trial court's dismissal of plaintiff's suit against defendant, State of Louisiana, Department of Public Safety, is reversed, set aside and vacated, and this case is remanded to the district court for further proceedings in accordance with law and the views expressed herein.
All costs of this appeal are assessed one-half to plaintiff and one-half to defendant, State of Louisiana, Department of Public Safety in the amount of $253.62, as provided by law. The costs on remand are to await the outcome of the litigation.
AFFIRMED IN PART, AS AMENDED; REVERSED IN PART, AND REMANDED.
NOTES
[1] LSA-R.S. 42:261E provides:

"Any party who files suit against any duly elected or appointed public official of this state of or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those cases where the plaintiff is seeking to compel the defendant to comply with and apply the laws of this state relative to the registration of voters, and who is unsuccessful in his demands, shall be liable to said public official for all attorneys fees incurred by said public official in the defense of said lawsuit or lawsuits, which attorneys fees shall be fixed by the court.
The defendant public official shall have the right, by rule, to require the plaintiff to furnish bond as in the case of bond for costs, to cover such attorneys fees before proceeding with the trial of said cause."