LABORDE, Judge.
This appeal involves the interpretation of LSA-R.S. 42:261 E, a statute granting certain defendants, under specific conditions, the right to require plaintiff to furnish a bond for attorney’s fees before proceeding with trial.
On May 28, 1980, Anthony J. Fontana, Jr., and Charles Dore (appellants) filed a third party demand against the Vermilion Parish Police Jury. On June 3, 1980, by supplemental and amending third party demand, Jewitt Hulin, secretary-treasurer of the Vermilion Parish Police Jury, was joined as third party defendant. Hulin and the Police Jury (appellees) filed a motion in trial court to require the appellants to furnish bond pursuant to LSA-R.S., 42:261 E.[1] The motion was opposed. On November 20, 1980, the trial court rendered judgment in favor of the appellees requiring appellants to furnish a bond in the amount of $15,000 to cover the costs of appellees’ attorney’s fees. The trial court ordered the bond posted no later than December 20, 1980, in default of which appellants would suffer dismissal of their third party demand. On *250 December 23, 1980, no bond having been filed, the trial court dismissed with prejudice appellants’ third party demand.
We hold LSA-R.S. 42:261 E is constitutional and interpret the statute as limited in use and application by public officials only. Since the Police Jury is not a public official, the trial court erred by allowing it to require appellants to post a bond. As regards secretary-treasurer, Jew-itt Hulin, the trial court correctly held that he is a public official under LSA-R.S. 42:261 E, and is entitled to require appellants to post bond for attorney’s fees before proceeding to trial. Accordingly, the trial court had authority to dismiss the claim against Jewitt Hulin upon appellants’ failure to post bond. However, the trial court erred by dismissing those claims with prejudice as dismissal is limited to dismissal without prejudice only. Our reasons follow.
Appellants assign two (2) trial court errors.
“1. Did the trial court commit error in dismissing appellants’ third party demand for failure to post a $15,000 bond under the provisions of LSA-R.S. 42:261 which is unconstitutional and unenforceable?
2. Did the trial court error [err] in dismissing appellants' third party demand against the Vermilion Parish Police Jury for failing to post a $15,000 bond under the provisions of LSA-R.S. 42:261 which is not applicable to political entities?”
LSA-R.S. 42:261 was declared constitutional in Houston v. Brown, 292 So.2d 911 (La.App. 2nd Cir. 1974).[2] In the Houston case the court held:
“Louisiana Revised Statutes 42:261(D) does not deny access to the courts to any persons. The bond requirement is a legitimate exercise of legislative control over litigation. As stated in Boddie, supra [401 U.S. 371, 91 S.Ct. 780, 28 L.Ed. 113] and as held in United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), the constitution does not demand access to the courts for all individuals in all circumstances, nor does the constitution require that all litigation be classified the same with equal cash and bond requirements. The state has a rational basis for requiring a reasonable bond as a precondition to the prosecution of a tort action allegedly arising out of the performance of duties considered a vital part of the sovereignty of the state.”
Agreeing with the court in Houston that the statute under consideration is constitutional, we turn to consideration of the beneficiaries under the statute. In Brown v. Aetna Life & Cas. Ins. Co., 394 So.2d 290 (La.App. 3rd Cir. 1980), this court interpreted LSA-R.S. 42:261 E as favoring public officials only, adding that the statute’s reference to state political subdivisions was merely to point out that a public official thereof is included. Following our reasons in the Brown case, supra, we hold that the Vermilion Parish Police Jury—not being a public official—therefore has no right to require appellants to post an attorney’s fee bond pursuant to LSA-R.S. 42:261 E. Hence, the trial court’s dismissal of appellants’ third party demand because of its failure to post bond constitutes an error which, on appeal, appellants are entitled to have reversed.
Next, we consider whether Jewitt Hulin, the secretary-treasurer of the Police Jury, is entitled to use and application of LSA-R.S. 42:261 E. The trial court held that the secretary-treasurer of the Police Jury is a public official and thus is entitled to exercise the rights granted by statute. In Cherry v. Hall, 270 So.2d 626 (La.App. 2nd Cir. 1972), our brothers of the Second Circuit specifically held that the Parish Treasurer was a public official. The court at page 628 reasoned:
“As Parish Treasurer, there can be no question of the fact that plaintiff is a public official. His office was created by legislative enactment. He was elected by the Police Jury of his parish for a term of two years, and is required to maintain an office at the parish seat. LSA-R.S. *251 33:1651. He was, moreover, required to take an oath of office — LSA-Const., Art. 19 § 1. Specifically, as defined in LSA-R.S. 42:1:
“As used in this title, the term ‘public office’ means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
“ ‘Public officer’ is any person holding a public office in this state.”
We likewise hold that Jewitt Hulin, as secretary-treasurer of Vermilion Parish Police Jury, is a public official within the intendment of LSA-R.S. 42:261 E and is entitled to require an attorney’s fee bond of appellants prior to trial.
A final issue not raised by the litigants on appeal involves the manner in which appellants’ demands may be dismissed upon their failure to post bond for attorney’s fees. The trial court dismissed appellants’ third party demand with prejudice. We considered this identical issue in the Brown case, supra, and concluded that the trial court may properly dismiss a plaintiff’s suit, but it may do so without prejudice only. In the Brown case at page 293 we held that:
“The statute specifically provides that failure to post security within the time fixed by the court shall subject the case to be dismissed without prejudice. We interpret LSA-R.S. 42:261E to provide that the provisions of LSA-R.S. 13:4522 are applicable and available for use in connection with the bond for attorney’s fees, and that a court may properly dismiss plaintiff’s suit for failure to post bond within the time fixed, but it may do so without prejudice only.”
Accordingly, it is ordered that the trial court’s judgment dismissing appellants’ suit against Jewitt Hulin is amended to a dismissal without prejudice, and as amended is affirmed.
It is further ordered that the trial court’s dismissal of appellants’ suit against the Vermilion Parish Police Jury is reversed, set aside and vacated, and this case is remanded to the district court for further proceedings in accordance with the law and views expressed herein.
All costs of this appeal are assessed one-half to appellants and one-half to appellee, Vermilion Parish Police Jury, in the amount of $191.00, as provided by law. The costs on remand are to await the outcome of the litigation.
AMENDED AND AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.

. LSA-R.S. 42:261 E provides:
“E. Any party who files suit against any duly elected or appointed public official of this state of or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those cases where the plaintiff is seeking to compel the defendant to comply with and apply the laws of this state relative to the registration of voters, and who is unsuccessful in his demands, shall be liable to said public official for all attorneys fees incurred by said public official in the defense of said lawsuit or lawsuits, which attorneys fees shall be fixed by the court.
The defendant public official shall have the right, by rule, to require the plaintiff to furnish bond as in the case of bond for costs, to cover such attorneys fees before proceeding with the trial of said cause.”

. Subsequent to the Houston case, LSA-R.S. 42:261 was amended and the pre-amendment provision (D) became the present provision (E) of the statute.