FORET, Judge.
Alexander Motty (Plaintiff) sought in-junctive relief and a writ of mandamus against the Vermilion Parish Police Jury (Police Jury) and its secretary-treasurer, Jewitt Hulin, to prevent them from interfering with his right to examine the public records of the Police Jury pursuant to LSA-R.S. 44:31, et seq. Defendants then filed a rule seeking to require plaintiff to post bond for attorney’s fees under the provisions of LSA-R.S. 42:261(E) [1].
The trial court denied defendants’ request and they appeal. The sole issue is whether the trial court erred in refusing to require plaintiff to post a bond for attorney’s fees.
A trial court’s judgment granting or denying a defendant’s motion based on LSA-R.S. 42:261(E) is an interlocutory judgment. LSA-C.C.P. Article 1841. An appeal may be taken only from an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. Article 2083. This Court has previously determined that such interlocutory judgments may cause irreparable injury and, therefore, are appealable. Iles v. White, 345 So.2d 1304 (La.App. 3 Cir. 1977) and authorities cited therein.
For the reasons assigned in Detraz v. Fontana, 406 So.2d 248 (La.App. 3 Cir. 1981) and Brown v. Aetna Life & Casualty *44 Ins. Co., 394 So.2d 290 (La.App. 3 Cir. 1980), we find that the Police Jury is not a “public official” and that LSA-R.S. 42:261(E) is inapplicable to it. Thus, the trial court correctly denied the Police Jury’s rule based on that statute.
However, as to Jewitt Hulin, Secretary-Treasurer of the Police Jury, we find that he is a public official and that the provisions of LSA-R.S. 42:261(E) are applicable to him. Detraz v. Fontana, supra. Thus, the trial court erred in denying his request that plaintiff be required to furnish bond for attorney’s fees.
Finally, we find no merit to plaintiff’s contention that LSA-R.S. 42:261(E) is unconstitutional. Detraz v. Fontana, supra.
For the above and foregoing reasons, the interlocutory judgment denying the order sought by the Police Jury is affirmed, while that denying the order sought by Jewitt Hulin is reversed. The case is remanded to the trial court for a determination of the amount of the bond for attorney’s fees to be posted by the plaintiff.
Costs of this appeal, $54.00, total, are-assessed equally between the Police Jury and the plaintiff.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

. LSA-R.S. 42:261(E) provides:
“E. Any party who files suit against any duly elected or appointed public official of this state of or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those cases where the plaintiff is seeking to compel the defendant to comply with and apply the laws of this state relative to the registration of voters, and who is unsuccessful in his demands, shall be liable to said public official for all attorneys fees incurred by said public official in the defense of said lawsuit or lawsuits, which attorneys fees shall be fixed by the court.
The defendant public official shall have the right, by rule, to require the plaintiff to furnish bond as in the case of bond for costs, to cover such attorneys fees before proceeding with the trial of said cause.”