LEAR, Judge.
This is a suit seeking the enforcement of a settlement agreement allegedly entered into between plaintiff, Maurice Stafford, and defendants, Dow Chemical Corporation and Aetna Life and Casualty Company, in settlement of plaintiff’s workmen’s compensation claim. The trial court sustained defendants’ exception of lis pendens and dismissed plaintiff’s suit. This devolutive appeal followed.
After reviewing this entire record, the briefs of the parties and the relevant jurisprudence, we find that the trial court was correct in the judgment appealed from. The facts and relevant principles of law are well set forth by the trial court in its reasons for judgment, the pertinent portions of which we quote as follows:
“On October 6, 1976, plaintiff, Maurice Stafford, while in the course and scope of his employment with Dowell, Inc., was injured .when a truck in which he was riding was struck from the rear by Mr. Eric Robertson. Mr. Stafford suffered neck, shoulder, and back injuries which allegedly rendered him totally and permanently disabled.
“On January 5, 1977, plaintiff filed a civil suit against the tortfeasor, Mr. Eric Robertson, and his insurer, State Farm Insurance Company (# 49,585) in the 32nd Judicial District Court, Parish of Terrebonne, notifying the defendants in the instant case of the pending litigation. Defendants did not intervene in the civil suit.
“On October 26, 1977, judgment was rendered in Mr. Stafford’s favor against the tortfeasor and his insurer. Subsequently, Aetna Life and Casualty Company on December 8, 1980, discontinued workmen’s compensation benefits to Mr. Stafford, claiming the right to credit compensation benefits from the judgment rendered against Mr. Robertson and his insurer.
“On January 9, 1981, plaintiff, Maurice Stafford, filed a petition for workmen’s compensation benefits in the 32nd Judicial District Court, Parish of Terrebonne, (# 63,444) entitled ‘Maurice Stafford vs. Dow Chemical Corporation and the Aetna Life and Casualty Company.’
“The defendants, Dow Chemical Corporation and the Aetna Life and Casualty Company, filed a dilatory exception of prematurity, which was heard by the Honorable Judge Wilmore J. Broussard, Jr. on May 5, 1981. Judgment was rendered in defendants’ favor on May 19, 1981. Plaintiff, Maurice Stafford, subsequently filed for appeal to the First Circuit Court of Appeal to review the decision of the Honorable Judge Wilmore J. Broussard, Jr. in suit # 63,444. This matter is still pending.
“Subsequently, on June 24, 1981, plaintiff, Maurice Stafford, filed the instant suit in the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana, entitled ‘Maurice Stafford vs. Dow Chemical Corporation and the Aetna Life and Casualty Company,’ suit # 65,132. The suit is captioned ‘Petition to Enforce Settlement.’ Plaintiff claims a settlement agreement was entered into and accepted by both the defendant, Aetna Life and Casualty Company, and the plaintiff, Maurice Stafford, in the sum of $40,000.00.
“The defendants, Dow Chemical Corporation and the Aetna Life and Casualty Company, have filed an exception of lis pendens claiming that Mr. Stafford’s workmen’s compensation suit # 63,444 and his petition to enforce settlement suit # 65,132 are between the same parties, in the same capacities, on the same cause of action, and have the same object.
“Louisiana Code of Civil Procedure Article 531 provides:
“ ‘When two or more suits are pending in a Louisiana Court or Courts, on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto.... ’
*1121 “Plaintiff argues that in the instant case, the cause of action and the object of the two litigations are not the same. This Court cannot agree with plaintiff’s contentions.
“Admittedly, the prayers of the two petitions differ. In the first suit (# 63,-444) plaintiff prays for $95.00 per week compensation benefits, plus penalties of 12%. In the second suit plaintiff prays for the enforcement of a settlement in the full amount of $40,000.00, with legal interest from date of judicial demand, together with attorney’s fees.
“However, in the earlier case, as well as in the instant case, the cause of action and the thing demanded are in fact one and the same, to wit, workmen’s compensation benefits. The method of payment sought may differ. For example, in the first suit weekly installments are sought and in the instant suit, a lump sum is sought; but the object of the suit and the cause of action lie in workmen’s compensation. The rights and remedies of a worker under the Louisiana Workmen’s Compensation Act are exclusive of all other rights and remedies of such employee (LSA R.S. 23:1032). The plaintiff in the instant case seeks to enforce his alleged rights to workmen’s compensation benefits in two separate suits. Both petitions allege injury in the course and scope of employment and a claim to workmen’s compensation. A granting of either relief would exclude a judgment for the other. There is no doubt that the object of both suits is the same, that, is workmen’s compensation benefits. There is a distinction between this case and Bank of New Orleans and Trust Company v. Seavey, (La.App. 4th Cir., 1979), 374 So.2d 696. In Seavey, the Court found two separate causes of action, one in Federal Court based on the Securities Act of 1933, and the other a cause of action on a promissory note in the Louisiana Court. There is no such difference in the instant case.”
For the above reasons, which we adopt as our own, the judgment of the trial court is hereby affirmed. All costs, both at trial and on appeal, are to be paid by plaintiff-appellant, Maurice Stafford.
AFFIRMED.